PEOPLE ex rel. UNITED NATURAL GAS CO. v. PRIEST et al., State Board of Tax Com'rs.

(Supreme Court, Equity Term, Cattaraugus County. December, 1910.)

1. GAS (§ 7*)—PIPE LINE COMPANIES—CONSENT TO USE HIGHWAYS.

Since the statute does not provide in what manner the consent of the commissioner of highways to occupy a highway by a pipe line shall be acquired, his oral consent would be a literal compliance with the statute, and it is sufficient if it is given after the line is constructed.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 7.*]

---

2. CORPORATIONS (§ 638*)—FOREIGN CORPORATIONS—LEGAL POLICY.

The policy of the law is to give foreign corporations the same facilities for doing business in the state as are enjoyed by domestic corporations.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 638.*]

3. TAXATION (§ 165*)—FRANCHISES.

A foreign corporation, engaged in transferring natural gas, which had acquired the privilege to do business in this state, with the same right as a domestic corporation, by complying with the general corporation law, by acquiring the consent of the highway commissioner of a county to lay its pipe lines in the highway, acquired a special franchise, which was taxable as such.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 287; Dec. Dig. § 165.*]

Certiorari by the People, on relation of the United Natural Gas Company, against George E. Priest and others, constituting the State Board of Tax Commissioners, to review an assessment of a special franchise. Writ dismissed as to part of property assessed, and assessments reduced as to another part.

Lewis E. Carr, for relator.

Dana L. Jewell, for defendants.

BROWN, J. The relator is a foreign corporation engaged in the business of transporting natural gas from Pennsylvania to Buffalo through pipe lines buried in the earth, a portion of which pipes are laid in the highways of the towns of Little Valley and Otto, Cattaraugus county. At the time of laying such pipes in the year 1886 the relator procured from abutting property owners the right to lay such pipes in the highway, and did not obtain from the highway commissioners or any other official of the town a grant therefor. In 1900 the defendants assessed the relator $13,000 in each of the towns of Little Valley and Otto for the special franchise it possessed, constituting its right to thus occupy the highway.

. It is the contention of the relator, that it is possessed of no special franchise by virtue of which it maintains its pipe lines in the highways of the towns, and hence cannot be taxed therefor; that the only property it possesses in the towns is the right of way it purchased from the abutting landowners and the pipes in the ground, and solely upon this property it is liable for taxation. The defendants contend that, the relator being a foreign corporation enjoying the privileges of a special franchise in the highway, it is estopped from saying that it has no franchise; and they also contend that under the law the relator in fact has a special franchise.

It is true that in 1886, when relator acquired its right from the owners of the fee in the highways, it did not thereby acquire a franchise to conduct its business in the highway. It is true that at that time a domestic pipe line corporation had the right under the pipe line corporation act to lay its pipes in the highway upon obtaining the consent of the commissioner of highways, which right was a franchise granted by the Legislature, to be exercised and enjoyed subject to the consent of the commissioner.

In 1893 there was issued to the relator a certificate by the Secretary of State certifying that it had complied with all the requirements of law to authorize it to do business in the state, and that such business is such as may be lawfully carried on by a domestic pipe line corporation. If this certificate had the effect of placing the relator upon a similar footing with domestic corporations as to the transaction of a corporate business, it certainly gave the relator the right to continue its business of transporting natural gas through its pipes laid in the highway in the same manner as a domestic pipe line corporation was authorized to conduct the same business. The only condition that had ever been imposed upon a domestic pipe line corporation to insure its right to occupy the highway was the consent of the commissioner of highways. The statute has always been silent as to how such consent should be manifest. The oral consent of such officer would be a literal compliance with the requirement of the statute.

The consent of the officer is not a condition precedent. If given after the construction of a pipe line by a domestic pipe line corporation, the right of the domestic corporation to be in the highway could not be questioned. It does not appear that the commissioners of highways of Little Valley or Otto did not consent to the placing of relator's pipes in the highways in 1886. The only inference is that such officer did so consent. The policy of the law has been to accord foreign corporations the same facilities for business in this state as enjoyed by domestic corporations. The relator in 1900 had the right by virtue of the pipe line corporation law, and its compliance with the provisions of the general corporation law relative to its doing corporate business within this state, to occupy the highway in Little Valley and Otto for the purpose of conducting its transportation business. Such right was a special franchise, and was taxable as such.

These views are not thought to be in conflict with People ex rel. Retsof v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382, for the reason that the special franchise sought to be taxed in that case was not a franchise of any character. The corporation was a manufacturing corporation that never had a right to conduct a pipe line business in the highway. It was not a transportation corporation doing the business authorized by a pipe line corporation, and it could not avail itself of the privilege or franchise awarded those corporations by the statutes of the state.

Judgment is awarded, dismissing the writ of certiorari in the Little Valley case, with $50 costs.

Judgment in the Otto case is awarded, reducing relator's assessment to $840, without costs.