PEOPLE ex rel. PETER COOPER'S GLUE FACTORY v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

TAXATION (§ 67*)—FRANCHISE—WHAT CONSTITUTES—ASSESSMENT.

    The water purveyor of a city gave plaintiff the privilege of tapping the end of a city water main, and at its own expense to lay the pipe from the end of the main to its premises to supply itself with water. *Held*, that the permit so granted was not a franchise, as a franchise can only be granted by the legislative body of the city, and hence the levying of a special franchise assessment upon the line of pipe laid by plaintiff was unauthorized.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 67.*]

Appeal from Special Term, Kings County.

Certiorari by the People of the State of New York, on relation of Peter Cooper's Glue Factory, against the State Board of Tax Commissioners, to review the assessment for taxation of a special franchise tax on relator's line of water pipe. From a final order and judgment of the Special Term in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William Austin Moore, for appellant.
H. B. Closson, for respondent.

RICH, J. The facts are not disputed. The record shows that some time prior to May 27, 1881, the relator applied to the municipal authorities of the then city of Brooklyn to lay the necessary pipes to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

connect its water supply with the factory of the relator, and furnish it with city water for use therein, which application was denied. Thereupon the relator and the Lawrence Rope Works filed an application with the board of city works for permission to lay at their own expense a six-inch pipe from the end of the city main to their premises for the purpose of procuring water for manufacturing purposes and fire protection, and agreed to pay, if such permission was given them, such annual water taxes as such board might, from time to time, impose upon the property. The water purveyor thereupon issued a permit granting the petitioners the privilege of tapping the city water main on Orient avenue, on the terms of their application, upon the condition that the acceptance of such permit should constitute a consent to the laying of water mains in the streets through which the petitioner's pipe passed, whenever the board of city works should so order, upon the laying of mains the premises of the petitioners should be connected therewith, and that the supplying of water by the city from its main on Orient avenue should be subject to the laws, rules, and regulations of the board in the same manner as if the premises to be supplied with water were in the pipe district. Thereafter, at their own expense and with the consent of the owners of property abutting on the avenues between the end of the city main on Orient avenue and their factories, the relator and said Lawrence Rope Works laid a pipe through which water has since been supplied by the city at the regular rates determined by properly installed meters. The learned trial court finds that, with the exception of the permit referred to, the relator never had any grant, privilege, or franchise from any governmental or political body or officer to lay, construct, or maintain water pipes in or through said avenues, the fee of which is in the owners of the property abutting thereon, subject to use for street purposes and easements. In 1906 the appellant levied a special franchise assessment, upon the line of pipe so laid by the relator and the Lawrence Rope Works, of $5,000, and this proceeding was brought to review that assessment.

The water purveyor did not assume to grant a privilege to lay or maintain pipes in the avenues, but only the privilege of connecting such pipe when laid with the existing city main at its termination in Orient avenue, and he had no authority to grant any further right or privilege. Such a franchise, to be available, could only have been granted by the legislative body of the city of Brooklyn. Ghee v. Northern Union Gas Co., 158 N. Y. 510, 53 N. E. 692, followed as to an electric subway in West Side Electric Co. v. Consolidated Tel. Co., 110 App. Div. 171, 96 N. Y. Supp. 609. No right to lay the pipe, in question having been granted by the Legislature or the common council, the pipe having been laid for private use only, with the permission of the owners of the property abutting thereon, the learned Special Term was right in the conclusion that the case presented was controlled by the rule declared in People ex rel. Retsof Mining Co. v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382, affirmed by the Court of Appeals in 175 N. Y. 511, 67 N. E. 1088, in which case the provisions of the charter of the city of New York relating to the ex-

ercise of its legislative powers are identical with the provisions of the charter of the city of Brooklyn in force in 1881. Laws 1873, c. 863, tit. 2, §§ 1–13; title 14, §§ 1, 3.

The judgment and order must be affirmed, with costs.