(85 Misc. Rep. 581)

PEOPLE ex rel. INTERBOROUGH RAPID TRANSIT CO. v. PURDY et al.

(Supreme Court, Special Term, New York County. May, 1914.)

1. TAXATION (§ 150*) — RAPID TRANSIT ACT — PROPERTY SUBJECT — TUNNELS UNDER STREET—STRUCTURES ERECTED UNDER LAW.

Concrete tunnels, connecting the power house of a rapid transit company with the river for transportation of coal and for a supply of water, are structures erected under land within Tax Law (Consol. Laws, c. 60), § 2, subd. 3, and taxable as real estate, and not exempt under Laws 1891, c. 4, § 35, as amended by Laws 1900, c. 616, known as the Rapid Transit Act.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 267–269; Dec. Dig. § 150.*]

2. TAXATION (§ 150*)—SPECIAL FRANCHISES—TUNNELS.

Tunnels, attached to the power house of a rapid transit railroad where the right to construct a tunnel is based solely on the ownership of the fee in the land through which it is built, are not taxable as a special franchise.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 267–269; Dec. Dig. § 150.*]

Certiorari by the People, on the relation of the Interborough Rapid Transit Company, against Lawson Purdy and others, to review an assessment. Assessment confirmed.

James L. Quackenbush, of New York City, for relator.
Frank L. Polk, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

COHALAN, J.  Certiorari proceedings instituted to review an assessment upon certain alleged real property of the relator, consisting of tunnels under Twelfth avenue and Fifty-Eighth street, in the borough of Manhattan.  It is not alleged that there is an over-valuation or an inequality with respect to the assessment; but it is asserted that the assessment is illegal upon the ground that under certain statutes the tunnels in question are exempt from taxation.  The property consists of a concrete tunnel under the bed of Twelfth avenue, connecting property of the relator on either side of said avenue, and it is used for the purpose of conveying ashes from the relator's power house to the Hudson river.  These ashes are removed by certain equipment operated in the tunnel.  The assessment also covers a concrete tunnel under Fifty-Eighth street and Twelfth avenue, connecting relator's power house with the river—it is used for the transportation of coal from the river to the power house—also a third tunnel to convey a supply of water, used for condensing purposes, and the discharge of the same water into the river.  Section 2, subdivision 3, of the Tax Law, provides:

"The terms 'land,' 'real estate,' and 'real property,' as used in this chapter, include the land itself above and under water, all buildings and other articles and structures, substructures, superstructures, erected upon, under or above, or affixed to the same. * * * All mains, pipes and tanks laid or placed in, upon, above or under any public or private street or place for conducting steam, heat, water, oil, electricity or any property, substance or product capable of transportation or conveyance therein or that is protected thereby. * * *"

[1] It would seem that these tunnels are structures erected under land, within the terms of the above section of the Tax Law, and hence are taxable as real estate, unless exempt from taxation by statute. The relator claims that the tunnels are exempt therefrom under the provisions of section 35 of chapter 4 of the Laws of 1891, as amended (Laws 1900, c. 616), that statute being known as the Rapid Transit Act.  The section provides:

"Sec. 35. The equipment to be supplied by the person, firm or corporation operating any such road shall include all rolling stock, motors, boilers, engines, wires, ways, conduits and mechanisms, machinery, tools, implements and devices of every nature whatsoever used for the generation or transmission of motor power and including all power houses, and all apparatus and all devices for signaling and ventilation.  Such person, firm or corporation shall be exempt from taxation in respect to his, their or its interest under said contract and in respect to the rolling stock and all other equipment of said road, but this exemption shall not extend to any real property which may be owned or employed by said person, firm or corporation in connection with the said road."

A reading of the latter part of the above section would seem to withdraw all real property from the exemption provision contained therein; hence it would leave such underground real property taxable under section 3 of the Tax Law.  I do not consider that the tunnels for the conveyance of coal and ashes and the tunnels for the intake and discharge of water are a necessary part of the equipment of the power house of the Interborough Rapid Transit Railroad.  In the first part of section 35, apparently the term "equipment" would include all power houses.  Yet in the case of People ex rel. Interborough R. T.

Co. v. O'Donnel, 202 N. Y. 313, 95 N. E. 762, the court held that the power houses, though termed "equipment," are not exempt from taxation because of the final provision of section 35, which explicitly states that the exemption shall not extend to any real property. The power house never having been personal property, the fact that it was termed "equipment" did not change its character to personal property; hence the last clause of section 35 of the Rapid Transit Act withdrew such power house from exemption. The evidence indicates to me that the tunnels in question are merely an extension of the relator's power house. They are of concrete construction and, like the power house, are primarily and essentially real property, and never had existence in any other character.

[2] The relator further contends that if the tunnels are assessable they are only assessable as special franchises. Upon the assumption that the relator owns the fee to the bed of Twelfth avenue and Fifty-Eighth street, and that its right to construct the tunnels therein is based solely upon the ownership of such fee, it would appear from the authorities that such a right is not taxable as a special franchise. People ex rel. Hudson & Manhattan R. R. Co. v. Tax Com'rs, 203 N. Y. 119, 96 N. E. 435; People ex rel. Retsof Mining Co. v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382; Id., 175 N. Y. 511, 67 N. E. 1088. The assessment under review should, in all respects, be confirmed. Decision and judgment may be submitted on notice.

Judgment accordingly.