THE STATE OF KANSAS, *on the relation of J. W. Sheafor, County Attorney*, v. THE BOARD OF COMMISSIONERS OF CLOUD COUNTY.

1. BRIDGES — *Duty to Repair — Mandamus.* Where it is the imperative duty of a board of county commissioners to keep in repair a public bridge of the county, for which the county has appropriated money for the construction thereof, a writ of mandamus will issue for the enforcement of the obligation.

2. COUNTY BOARD — *Duty to Repair Bridge — Mandamus, When — Evidence.* Where it is sought to compel by writ of mandamus a board of county commissioners of a county having a population of more than twenty thousand, to repair a public bridge of the county, it must be shown, before the peremptory writ will issue, that the amount of the general revenue fund permitted to be expended for repairs of bridges has not been already exhausted by the board. The writ will not go in absence of a showing that the board of county commissioners of the county has sufficient funds with which to make the repairs demanded.

*Error from Cloud District Court.*

A SUFFICIENT statement of the facts appears in the opinion.

*Sheafor & Botsford*, for plaintiff in error.

*Sturges, Kennett & Peck*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: There has been a public highway for eighteen years extending east and west along the section line between sections fifteen and twenty-two, township five, range two west, in Lawrence township, Cloud county. Where this public highway crosses Salt creek — a stream of considerable size — about a mile from where it empties into the Republican river, a bridge has been maintained for ten years or over. It appears that the bridge was constructed and has been kept in repair jointly by Lawrence township and Cloud county. In 1886, the bridge became out of repair, and at that time the county appropriated ninety-five dollars to pay one-half of the expense of repairing the same. In July, 1887, the bridge was

again unsafe, and the road officer notified the board of county commissioners, and the commissioners ordered the bridge closed, so as to prevent travel thereon.

On the 18th day of November, 1887, the county attorney of Cloud county, in the name of the state, commenced proceedings in mandamus against the board of county commissioners of the county to compel it to repair the bridge. Subsequently, the defendant board moved to quash the writ upon the ground that the facts stated in the petition were not sufficient to authorize the same. The motion was overruled at the November term, 1887. The board then filed its return and answer. A trial was then had, and judgment rendered in favor of the defendant. The plaintiff excepted, and brings the case here.

It is claimed on the part of the plaintiff that under § 9, ch. 16, Comp. Laws of 1885, the board of county commissioners is required to repair the bridge over Salt creek; that its duty in that respect is absolute and unqualified, and of a ministerial nature; and further, that the board may be compelled to act by mandamus. Said section reads:

"Whenever it is necessary to repair any public bridge in the county, (for which the county has appropriated money for the construction thereof,) the county commissioners shall forthwith require the township trustee of the township in which such bridge is erected to proceed and examine the bridge so needing repairs, and make an accurate estimate of the cost of repairing the same, and in what particular it needs repairing, and without delay make report thereof, and the county commissioners shall thereupon make an appropriation for such repairs, and proceed forthwith to cause said bridge to be repaired in the way they may order and direct."

If the plaintiff had shown that the board of county commissioners had sufficient funds of any kind with which the repairs could have been made, we are inclined to the view that if said board improperly neglected to repair the bridge in accordance with the provisions of the statute, mandamus would be the proper remedy. But the obligation to repair must be plain and imperative before the action of the board can be

controlled by a writ of this character. Cloud county has a population of more than twenty thousand, and § 13, ch. 16, Comp. Laws of 1885, provides, among other things:

"That not more than two mills on the dollar of the taxable property raised for general county revenue shall be expended for repairs of bridges, unless authorized by a vote at some special or general election."

It is not shown that any authority to repair the bridge has been conferred by a vote at any election; and as there is evidence in the record tending to show that there was no money in the county treasury with which to repair the bridge; and the court having found for the defendant, such finding is conclusive. The burden of proof in this case was upon the plaintiff. It should have shown that the amount authorized by the statute had not already been expended for repairs of bridges in Cloud county. This is not a proceeding against the board to compel it to levy a tax for the repairs of the bridge; and in the absence of any showing that there were funds in the county treasury which could be specially appropriated for repairs of the bridge, we cannot, as against the findings and judgment of the court, order a peremptory writ to issue.

Counsel for the state say that the only reason the board did not repair the bridge when application was made therefor, was because the township wanted the county to pay the whole expense, instead of one-half, as formerly. It is true that this was a reason given by the defendant to the road overseer of Lawrence township. When this action was commenced, however, the board in its return to the alternative writ answered that there were no funds which it had any authority to use to make the repairs requested.

The judgment of the district court will be affirmed.

All the Justices concurring.