### RHINEHART et al. v. REDFIELD, Com'r of Public Works.

(Supreme Court, Appellate Division, Second Department.   April 15, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—CONTROL.

A municipal corporation holds its public streets and places in trust for the public, and has no power to grant rights therein, except to the extent that the control over the same has been delegated to the municipality by the Legislature.

2. SAME—FRANCHISES.

The grant of a franchise presupposes a benefit to the public, and an equal right on the part of every member of such public within the territory involved to participate in such benefit on the same terms and conditions, which are prescribed by the statute.

3. SAME—DELEGATION OF POWER—STATUTES.

Laws 1888, p. 958, c. 583, tit. 2, § 12, providing that the common council of the city of Brooklyn shall have power within the city to make, establish, modify, amend, and repeal ordinances, rules, or regulations not inconsistent with the act, or with the Constitution or laws of the United States or the state of New York, concerning all matters connected with the public wharves, and all parts, places, and streets of a city, did not confer on the common council power to grant a perpetual franchise to two persons, their successors and assigns, to open and use such streets for the purpose of laying and maintaining conduits for supplying gas generated from ammonia for the purposes of refrigeration, which, in effect, conveyed to the grantees an exclusive interest in the streets.

4. SAME—CONDITIONS—COMPLIANCE.

Where a municipal corporation had no power to grant a franchise involving the vesting of an exclusive interest in its streets in the grantees, the fact that such grantees discharged the obligations imposed on them by the ordinance, paid taxes on their possessions, and that the granting of the franchise would be beneficial, was no ground for requiring the city to comply with such franchise.

Appeal from Special Term, Kings County.

Application by Clark D. Rhinehart and another for a peremptory writ of mandamus against William C. Redfield, as commissioner of public works for the borough of Brooklyn.   From an order granting the writ, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James D. Bell, for appellant.
Jesse Stearns, for respondents.

WOODWARD, J.   On the 13th day of April, 1891, the common council of the then city of Brooklyn adopted the following resolution:

"Resolved, that Clark D. Rhinehart and John Guilfoyle, of the city of Brooklyn, their successors and assigns, are hereby authorized and empowered to open the streets, avenues, lanes, roads, highways and public places of said city, and to lay and maintain therein pipes, tubes, conduits, conductors and the appliances therewith necessary for the conveying, using and supplying of gas generated from ammonia to the houses and buildings in the said city, for the purpose of refrigeration: provided, however, that the said Rhinehart and Guilfoyle, their successors and assigns, shall accept this franchise, and shall within one year from the adoption of this resolution erect and complete

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1459.

a plant of proper and suitable machinery for the generation of such gas in the near vicinity of Wallabout Market at an actual outlay of at least one hundred thousand dollars; and further provided that the work of opening the said streets, lanes, roads, highways, or public places, and that of laying and maintaining therein the necessary pipes, tubes, conductors and appliances, shall be under the supervision and inspection of the department of city works, and shall be subject to all reasonable rules, regulations and conditions prescribed, or to be prescribed, by the department of city works or by the common council."

Subsequently, by resolution of the common council, this resolution was extended six months, to permit the grantees to perform their contract to construct a plant; and the petition in the proceeding now before us shows that the relators accepted the franchise attempted to be granted by the above resolution, and that they performed all of the conditions mentioned therein, and that they have for a number of years last past operated and maintained two plants for the production of ammonia gas for purposes of refrigeration. On the 6th of August, 1903, the relators asked permission of the commissioner of public works for the borough of Brooklyn to lay pipes, conduits, etc., in certain of the public streets of the borough of Brooklyn, which permission was refused, and this proceeding was instituted to compel the granting of this request. The learned court at Special Term has entered an order directing a peremptory writ of mandamus to issue, and the commissioner of public works of the borough of Brooklyn appeals from this order.

The appellant does not question the facts in any way, but relies upon a denial of the power of the common council to grant the franchise attempted to be granted. It is fundamental that a municipal corporation holds its public streets and places in trust for the public, and that the power to regulate those uses is vested in the Legislature absolutely. It may delegate that power, as any other appropriate power, to the municipal corporation, but without such delegation any such act by the corporation, for not being within the strict or implied terms of its chartered powers, would be invalid. Potter v. Collis, 156 N. Y. 16, 30, 50 N. E. 413. What the common council attempted to do by its resolution of April 13, 1891, was to grant to the relators an exclusive interest in the streets; and the rule is well settled that an act conveying franchises or special privileges is to be construed most favorably to the people, and all reasonable doubts in construction must be solved against the grant. Words and phrases which are ambiguous or admit of different meanings are to receive in such cases that construction which is most favorable to the public. People v. B. R. R. Co., 126 N. Y. 29, 37, 26 N. E. 961, and authorities there cited. The relators recognize the necessity of showing legislative authority for the action of the common council, and our attention is called to section 12, tit. 2, c. 583, p. 958, of the Laws of 1888, in connection with other sections, as the foundation for the power attempted to be exercised. This provides that:

"The common council shall have power within said city to make, establish, publish and modify, amend or repeal ordinances, rules, regulations and by-laws, not inconsistent with this act, or with the Constitution or laws of the United States, or of this state, for the following purposes: * * * (3) To regulate all matters connected with the public wharves and all business conducted thereon, and with all parts, places and streets of the city."

See, also, title 22, § 22, and title 19, § 19, which the relators seem to think have some bearing upon the question.

Is this a delegation of a power to grant franchises to private individuals? If the lawmaker was present, and he was asked if he had intended to comprehend this case when the statute was enacted, would he, as an honest and intelligent man, answer in the affirmative? See People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 447, 46 N. E. 875; Riggs v. Palmer, 115 N. Y. 506, 509, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819. Would he declare that it was his intention, by this general language, to delegate to the municipal corporation the power to grant perpetual franchises, not for the general convenience and safety of the people, but as a foundation for a private business? To ask these questions is to answer them, for surely there is no such certainty in the language as to compel the construction contended for by the relators, and in its absence we must hold that there was no such intention on the part of the Legislature. There is ample scope for the exercise of power under the clauses cited, without going to the extent of holding that one of the highest prerogatives of sovereignty—that of granting franchises and special privileges—has been delegated. It may be conceded that under the authority given in the charter of the city of Brooklyn, cited above, the common council would have the power, by ordinance or resolution, to permit the relators to lay pipes in the streets for the purpose of conveying water to their boilers, or for any other incidental purpose of a private character; but the resolution and the order here under consideration go much farther. They attempt to invest these relators with a legal right to make use of the public streets for private gain, to the same extent and with like effect as if possessing the franchise or privilege which the sovereign power alone could grant. Potter v. Collis, 156 N. Y. 31, 50 N. E. 413. They attempt to grant a right which, if effective, operates to invest private parties with an exclusive interest in the streets of Brooklyn (Potter v. Collis, supra), and to empower them to make use of this property held in trust for the public, not for the general convenience of the people, but for a limited number of people within a limited district, and with no obligation on the part of the relators, so far as appears, to furnish all of the people, even in the locality of its plant. A franchise is a special privilege conferred by government on individuals or corporations, and which does not belong to the citizens of a country generally by common right. Curtis v. Leavitt, 15 N. Y. 9, 170, and authority there cited. The grant of a franchise presupposes a benefit to the public, and an equal right on the part of every member of such public, within the territory involved, to participate in this benefit upon the same terms and conditions, which terms and conditions are prescribed by the statute. Beekman v. Third Avenue R. R. Co., 133 N. Y. 144, 152, 47 N. E. 277, and authorities there cited.

Whatever may have been the powers of the common council to grant a license for the purpose of laying pipes in the streets—and upon this we pass no opinion—we are convinced that it never had any power to grant a franchise investing the relators with an interest in the streets, and the legal right to use them as a foundation for their private business. A municipal corporation, in the machinery of the state, is a

mere agency. It possesses no inherent and independent authority to create rights in others which affect the public interests. Potter v. Collis, 156 N. Y. 30, 50 N. E. 413. In the absence of a specific delegation of power to grant franchises to private individuals, a mere general authority over the highways cannot be construed to give the power attempted to be exercised by the common council of the city of Brooklyn in the matter now before us. "A franchise," to quote the language of the court in Woods v. Lawrence County, 1 Black, 386, 409, 17 L. Ed. 122, "is a privileged conferred in the United States by the immediate or antecedent legislation of an act of incorporation, with conditions expressed, or necessarily inferential from its language, as to the manner of its exercise and for its enjoyment." Nowhere in the charter of the city of Brooklyn do we find any language which attempts to delegate the power of creating or granting franchises of the character of that which is asserted by the relators. The power to "regulate all matters connected with the public wharves and all business conducted thereon, and with all parts, places and streets of the city," is not a power to grant a special privilege to individuals, involving not alone the right to put in pipes, conduits, etc., but the right to perpetually maintain them, and to have an exclusive interest in the streets for the purpose of carrying on the private business of the relators. It is not a delegation of the power to grant to individuals a right of property in the highways held in trust for the public (Potter v. Collis, 156 N. Y. 30, 50 N. E. 413; Beekman v. Third Avenue R. R. Co., supra), and it could give no force or effect to the resolutions of the common council granting such rights.

The fact that the relators have complied with the conditions prescribed, and that they have, in common with other property owners, discharged the obligation of paying taxes upon their possessions, or the further fact that the granting of this franchise would be beneficial to a number of people, or even to the community as a whole, cannot justify this court in an attempt to change the established law of this state. The relators, in dealing with a municipal corporation, were bound to know the limitations under which it acted (Suburban El. Co. v. Town of Hempstead, 38 App. Div. 355, 359, 56 N. Y. Supp. 443, and authorities there cited); and "no greater evil can be conceived than the encouragement of capitalists and adventurers to interfere with known public rights from motives of personal interest, on the speculation that the changes made may be rendered lawful by ultimately being thought to supply the public with something better than what they actually enjoy. There is no practical inconvenience in abiding by the opposite principle, for daily experience proves that great and acknowledged public improvement soon leads to a corresponding change in the law, accompanied, however, with the just condition of being compelled to compensate any portion of the public which may suffer for their advantage." People ex rel. Third Ave. R. R. Co. v. Newton, 112 N. Y. 396, 407, 408, 19 N. E. 831, 3 L. R. A. 174, citing authorities.

The order appealed from should be reversed, and the application for a peremptory writ of mandamus denied, with costs.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.