(67 Misc. Rep. 471.)

PEOPLE ex rel. ABRAHAM et al. v. PERLEY et al.

(Supreme Court, Special Term, Kings County. April 29, 1910.)

1. TAXATION (§ 61*)—PROPERTY SUBJECT TO SPECIAL FRANCHISE TAX—"SPECIAL FRANCHISE."

The right granted by a city to maintain a tunnel under a street between buildings on each side thereof, the portion of the street affected by the grant being owned in fee by the city, is not a special franchise nor taxable as such within Laws 1899, c. 712, amending the tax law in relation to the taxation of public franchises as real property; the grant being for private purposes only, and made by the city as proprietor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 164; Dec. Dig. § 61.*

For other definitions, see Words and Phrases, vol. 7, p. 6576.]

2. FRANCHISES (§ 1*)—DEFINITION.

A franchise was originally a royal privilege or branch of the king's prerogative subsisting in the hands of the subject, and, being derived from the crown, arose only from the king's grant.

[Ed. Note.—For other cases, see Franchises, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2929–2942; vol. 8, p. 7666.]

3. MUNICIPAL CORPORATIONS (§ 57*)—POWER TO GRANT FRANCHISE.

A franchise can be granted only by the Legislature or by some agent duly authorized thereby, and then only for a public purpose or upon public considerations, and a municipality has no power to grant a franchise except as the authorized agent of Legislature.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 144; Dec. Dig. § 57.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

4.. MUNICIPAL CORPORATIONS (§§ 680, 681*)—USE OF STREETS—POWER TO GRANT
     FRANCHISES.
          The city of New York has certain powers to act as the agent of the
     state in granting a franchise in public streets, but it is not authorized to
     do so for private purposes.
          [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
     1466; Dec. Dig. §§ 680, 681.*]

Application by the People, on the relation of Abraham Abraham and
others, doing business under the firm name of Abraham & Straus,
for certiorari to Frank E. Perley and others, constituting the State
Board of Tax Commissioners, to review an assessment. Assessment
held illegal and stricken from the rolls.

Edward M. Grout and Paul Grout, for relators.

William Austin Moore, Special Deputy Atty. Gen., and Edward R.
O'Malley, Atty. Gen., for defendants.

BLACKMAR, J. This is a certiorari proceeding to review the ac-
tion of the State Board of Tax Commissioners in assessing as a special
franchise the right of the relators to maintain a tunnel or passageway
under Livingston street and between their buildings on each side
thereof; the whole property including both buildings and the passage-
way being used for the purposes of a retail dry goods store. The
right was granted to the relators by resolution of the board of esti-
mate and apportionment, dated December 15, 1905, and applied to that
portion of the land under the street which is owned in fee by the city
of New York. Whatever right the relators acquired under the resolu-
tion of the board of estimate and apportionment of December 15, 1905,
does not constitute a special franchise, and is not taxable as such. This
species of property was first subjected to taxation by chapter 712, Laws
1899. The act is entitled "An act to amend the tax law, in relation
to the taxation of public franchises as real property." It did not pur-
port to, and did not, render taxable anything except "public" franchises,
including therein tangible property in the streets used in connection
therewith. This does not include easements, licenses, leasehold in-
terests, or any other rights, unless they fall within the definition of a
franchise. Blackstone defines a franchise as a "royal privilege or
branch of the king's prerogative subsisting in the hands of the
subject. Being derived from the crown, it must arise from the king's
grant." Commentaries, book 2, c. 3, subd. 7. Substituting the "peo-
ple" for the "king," and the definition may apply to-day. A fran-
chise, therefore, can be granted only by the Legislature, or by
some agent duly authorized thereby. A. municipality as such has no
power to grant a franchise, or if it has, it acts simply as the au-
thorized agent of the Legislature. It is said that even the Legis-
lature has no power to grant a franchise except for public pur-
poses, or, at least, public considerations must enter into the grant. Fan-
ning v. Osborne, 102 N. Y. 441, 7 N. E. 307. The city of New York
has received certain powers to act as the agent of the state in granting
franchises in the public streets; but it is not authorized so to do for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

private purposes. Hatfield v. Straus, 189 N. Y. 208, 82 N. E. 172. The right acquired by the relators under the resolution of the board of estimate and apportionment is for private purposes only. It does not therefore constitute a franchise such as the Legislature has authorized the city to grant. Matter of Rhinehart v. Redfield, 93 App. Div. 410, 87 N. Y. Supp. 789, affirmed in 179 N. Y. 569, 72 N. E. 1150. As it is not a franchise, it is not a special franchise. The word "special" limits the word "franchise."

It is not necessary to consider what, if any, rights the relators secured under the resolution. The city is not only a governmental agency, but a proprietor. It owns as proprietor the fee of a strip of land 30 feet wide under the southerly portion of Livingston street. Its ownership is in trust for highway purposes for the benefit of the public. Because the trust is for the people at large, and not for the city or the inhabitants of the city, the control of the streets is vested primarily in the Legislature; but the city has power to grant certain licenses and privileges therein, provided the same do not interfere with the rights of the public, and such power has been long exercised. Granting the right to construct vaults under the sidewalks is one of the most common methods of exercising the power. I suppose that, although the city holds the fee in trust for street purposes, it has all proprietary rights not inconsistent with such purposes. The rights of the relators, if they secured any under the resolution, were granted by the city as proprietor of this strip of land, and not as agent of the state in granting a franchise. Such rights are of the same nature as and certainly no greater than if granted by private parties owning the fee in the street subject to highway easements. Such rights do not constitute a franchise. People ex rel. Retsof Mining Company v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382, affirmed in 175 N. Y. 511, 67 N. E. 1088.

The assessment is illegal, and must be stricken from the rolls, with costs to the relators.