PEOPLE ex rel. BROWNING, KING & CO. v. STOVER et al., Park Com'rs. (ENGLISH AMERICAN REALTY CO. et al., Interveners).

(Supreme Court, Appellate Division, First Department. June 16, 1911.)

1. MUNICIPAL CORPORATIONS (§ 667*)—STREETS—UNLAWFUL OBSTRUCTIONS.
    Show windows of a store, encroaching 3½ to 4½ feet on the streets, are unlawful obstructions on the public highway, constituting a public nuisance, which it is the duty of the public authorities to abate.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1443, 1494–1496; Dec. Dig. § 667.*]

2. MUNICIPAL CORPORATIONS (§§ 680, 681*)—STREETS—OBSTRUCTIONS—PERMITS.
    No permit from the park department or any other municipal body can legally authorize the erection and maintenance of encroachments on the public highway, consisting of projecting show windows of stores.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1459–1466; Dec. Dig. §§ 680, 681.*]

3. MANDAMUS (§ 23*)—TO PUBLIC OFFICERS—REMOVAL OF OBSTRUCTIONS FROM HIGHWAY.
    Though, if a property owner, complaining of obstructions on the highway maintained by his neighbor, sue in equity, as he may, to compel the obstructor to remove them, in which case the action rests entirely on plaintiff's private right to enjoy the benefit of an unobstructed street, mandatory injunction may be refused, if it appear that plaintiff also maintains an obstruction, and that he suffers no real damage from the obstruction complained of, or if the obstruction has existed for more than 20 years, so that there may be inferred his consent that, so far as his private interest is concerned, the obstruction may remain, yet where

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he takes the other course open to him, and applies for mandamus to compel the appropriate public officers to perform their public duty of removing the obstructions, which duty rests on no private injury to relator, but on an infringement on the property and right of the public, none of such matters are an answer to the application; they not lessening the duty of such officers to take steps to abate the public nuisance.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–58; Dec. Dig. § 23.*]

**4. MANDAMUS (§ 23*)—TO PUBLIC OFFICERS—RELATORS—FOREIGN CORPORATION.**

It having some interest in the enforcement of the laws, and being entitled to the equal protection of the laws, a foreign corporation, though technically a nonresident, being engaged in carrying on business in the state, as it is permitted to do, may be the relator in mandamus to compel public officers to perform their duty of removing obstructions from the highway.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–58; Dec. Dig. § 23.*]

**5. MANDAMUS (§ 160*)—REMOVAL OF OBSTRUCTIONS FROM HIGHWAY—ALTERNATIVE WRIT.**

It being not only competent for the court to order the commissioners of parks to remove obstructions on the highway, but competent for the city to compel their removal by those who maintain them, and the latter course, when the emergency is not pressing, being the more orderly and less drastic, putting the expense where it properly belongs, the writ, in a case where the obstructions have existed a long time, suggesting that no public necessity demands their instant removal, will be that the commissioners forthwith remove the obstructions, or in their discretion take appropriate legal measures to compel their removal by the obstructors, prosecuting such measures with all reasonable speed and diligence.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. § 160.*]

Appeal from Special Term, New York County.

Mandamus, on the relation of Browning, King & Co., against Charles B. Stover and others, Commissioners of Parks of the City of New York. The English American Realty Company and John David intervened. From an order denying motion, relator appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles P. Northrop, for appellant.

Charles Strauss, for intervening respondents.

SCOTT, J. This is an appeal by the relator from an order denying its motion for a peremptory mandamus directing the respondents, commissioners of parks of the city of New York, to remove certain unlawful encroachments upon the highway, maintained by the respondents English American Realty Company and John David. These latter have intervened in the proceeding and assumed the defense to the relator's application; the commissioners of parks taking no part in the controversy.

The respondents English American Realty Company and John David are the owners and lessee, respectively, of a building standing on the southerly side of Thirty-Second street, the westerly side of Broadway,

and the easterly side of Sixth avenue in the city of New York, known for many years as the "Union Dime Savings Bank Building." The said respondents have erected and now maintain, under what purports to be a permit from the park department, show windows on all three sides of their building, with cornices encroaching upon Thirty-Second street, Broadway, and Sixth avenue from 4 feet 9 inches to 5 feet; the glass fronts of the windows encroaching from 3 feet 6 inches to 4 feet 7½ inches. These particular show windows have been in place since 1909. They replaced other show windows which were erected about 15 years ago. The space occupied by them was formerly an open area protected by a railing, which was put there when the building was erected about 35 years ago. There are also two massive entrance porticos, one on Thirty-Second street and one on Broadway, each of which encroaches upon the street from 7 to 7½ feet. There is no dispute as to the character or extent of these encroachments, and, indeed, there could not well be, as the papers on appeal are profusely illustrated with photographs and surveys, upon which the encroachments are graphically portrayed.

The relator is a foreign corporation, alleged to be duly authorized to do business in this state, and occupies as lessee a building adjoining respondents' building, to the south thereof, and running through from Broadway to Sixth avenue. Its building also has show windows which encroach upon said streets. Conceding all the material facts contained in the petition for a mandamus, the respondents (by whom are meant the interveners) plead, by way of affirmative defense as follows: First, that relator is not a citizen or resident of the state, and therefore has no legal capacity or standing to maintain the proceeding; second, that the relator is itself a transgressor, in that it maintains obstructions similar to those of which it complains; third, that the intervening respondents have acquired by prescription, as against the relator, the right to maintain the stone stoops and porticos and show windows of which it now complains; fourth, that the relator is in no way damaged by reason of the encroachments complained of.

[1, 2] It cannot be questioned for a moment that the projections of which the plaintiff complains are unlawful obstructions upon the public highway, and constitute a public nuisance, which it is the duty of the public authorities to abate. Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375; People ex rel. Cross Co. v. Ahearn, 124 App. Div. 840, 109 N. Y. Supp. 249; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223, 93 N. Y. Supp. 937. And it is equally well settled that no permit from the park department or any other municipal body could legally authorize the erection and maintenance of such encroachments. What was said in Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524, apparently recognizing the right of the park commissioner to permit encroachments in certain cases, no longer expresses the law. Ackerman v. True, supra.

[3] Starting out, then, with the proposition that the encroachments are unlawful, and subject to removal by the park commissioners, we have to consider the question whether or not the relator has a stand-

ing in court to set the park commissioners in motion to perform a public duty. There are two courses open to a property owner who complains of obstructions upon the highway maintained by his neighbor. He may institute a suit in equity to compel the obstructor to remove the obstruction, as was done in Ackerman v. True, supra; but, even if he procure a judgment in such an action, he may find difficulty in enforcing it. See Ackerman v. Stover, 138 App. Div. 237, 122 N. Y. Supp. 1030. Or he may adopt the course which the relator has adopted, and to which the plaintiff in Ackerman v. True was finally driven, of calling upon the appropriate public authority, by mandamus, to perform the public duty of removing the obstruction. It is manifest that the two different modes of proceeding may be open to different defenses.

An action in equity by an adjoining owner for the removal of an obstruction rests entirely upon the plaintiff's private right to enjoy the benefit of an unobstructed street, and it may well be that the court will withhold its hand and refuse to issue a mandatory injunction, if it appears that the plaintiff is himself a trespasser, and that he suffers no real damage from the obstruction of which he complains. Such was the case in Wormser v. Brown, supra, in which an injunction was refused. So, also, in an equitable action, where it appears that the obstruction has existed for more than 20 years, the court may infer a consent on the part of the adjoining owner that, so far as his private interest is concerned, the obstruction may remain. It was such an implied consent that this court had in mind in 556 and 558 Fifth Avenue v. Lotos Club, 129 App. Div. 339, 113 N. Y. Supp. 886. The question there was whether or not a slight projection over the street, easily removable without injury to the building, served to render the title unmarketable. It had existed for many years, and under a statute referred to in the opinion the city could not compel its removal. For that reason an adjoining property owner could not have obtained a mandamus to compel the city authorities to do that which a statute forbade, and it was considered that, in view of the character of the encroachment and the length of time it had visibly existed, the chance that an adjoining property owner could maintain an action in equity was too slight to render the title unmarketable.

If, therefore, this were an action in equity to enforce a private right of the relator, the defense to the effect that the relator had for many years acquiesced without objection in the existence of the obstruction, that it maintained upon its own premises similar obstructions, and that it had shown no damage, might require more serious attention. But this is not such a case. It is an application to compel public officers to perform a duty which they owe to the public, which they could, and perhaps should, perform without the necessity for the prod of a mandamus. Their duty to act rests, not upon any private injury done to relator (People ex rel. Pumpysansky v. Keating, 168 N. Y. 390, 61 N. E. 637), but upon the respondent's infringement upon the property and rights of the public. Their duty to act is not lessened by the fact that some of the obstructions have been in existence for a long time, and that relator and its predecessors in interest have not

complained, because no prescriptive right to occupy the streets can be gained as against the public, and no adjoining owner can legalize such an obstruction by acquiescence, even if he may debar himself from asserting his private right to have it removed. Nor does the fact that the relator also maintains an obstruction lessen the duty of the public authorities to take steps to abate the public nuisance maintained by the respondents. None of the defenses referred to, which might be relevant in an action in equity, constitute an answer to the present application.

[4] The suggestion that because the relator is a foreign corporation, and therefore technically a nonresident, it has no standing to ask that a public officer be required to perform a public duty, is not impressive. The relator is, by our laws, permitted to come into this state and to carry on its business here. It is entitled to the equal protection of our laws, and is interested to see that these laws are enforced, in so far as it may be affected by their enforcement or nonenforcement, and especially in the laws prohibiting encroachments upon the highway. The extent of its interest in the enforcement of the duty which it now seeks to enforce is immaterial, so that it appears, as it certainly does, that it has some interest, and is not merely an officious intermeddler. People v. Halsey, 37 N. Y. 348. We are therefore of the opinion that the relator is entitled to a mandamus.

[5] A question remains, however, as to the form of the command to be issued to the commissioners. It is competent for the court to order them to proceed at once and remove the obstruction. People ex rel. Cross Company v. Ahearn, supra. It is also competent, however, for the city to compel the removal of such obstructions by those who maintain them. City of New York v. Knickerbocker Trust Co., supra; City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375. When the emergency is not pressing, the latter course is more orderly, less drastic, and puts the expense where it properly belongs. It may be, and perhaps generally is, slower. In the present case the obstructions have existed for a long time, and, while that fact does not make them less unlawful, it serves to suggest that no public necessity demands their instant removal. That they should be removed, and with reasonable promptitude, does not admit of question; but we consider that the ends of justice will be served, and the rights of the public conserved, if the mandamus to be issued to the park commissioners be to forthwith remove the obstructions to the highway described in the petition, or in their discretion to take such legal measures as are appropriate to compel their removal by the intervening respondents, and if such proceedings are instituted to prosecute them with all reasonable speed and diligence.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion that a peremptory mandamus issue in the form hereinbefore indicated be granted, with $50 costs to be paid by the intervening respondents. Settle order on notice. All concur.