THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT CLEMENTS, Plaintiff, *v.* WILLIAM WILLIAMS, as Commissioner of Water Supply, Gas and Electricity, etc., LEWIS H. POUNDS, as President of the Borough of Brooklyn, EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, and AMSTERDAM ELECTRIC LIGHT, HEAT AND POWER COMPANY, Defendants.

(Supreme Court, Kings Special Term, July, 1917.)

Mandamus — application for writ of — municipal corporations — franchise to use streets for private gain not legally granted — pleading — Manufacturing Act of 1848 — Code Civ. Pro. § 2084.

A writ of mandamus is not always demandable as an absolute right; an application therefor is addressed in the first instance to the sound discretion of the court at Special Term, reviewable by the Appellate Division, and where it apears that the facts are such as to justify the court in refusing the writ, as matter of discretion, the exercise thereof will not be interfered with unless it appears that there has been an abuse of judicial discretion.

Upon an application for a writ of mandamus, relator is always bound to show that his legal right to the performance of the particular act of which performance is sought to be compelled is clear and complete.

Where it appears that neither by the Manufacturing Act of 1848 (chap. 40), under which defendant was incorporated in 1887 for the purpose of manufacturing, using and selling electricity and electrical and mechanical apparatus in the city of Brooklyn, nor by any other statute, did defendant company acquire a franchise to use the public streets for private gain in carrying on a commercial business, and it further appears that not having received any franchise from the state for that purpose the common council of the former city of Brooklyn could not and did not legally grant to defendant any right to use the streets, avenues and public places of the city to carry on its business, a resident of the city is entitled to apply for a peremptory writ of mandamus to compel defendant to remove certain electric light

Supreme Court, July, 1917.     [Vol. 100.

poles and wires from certain of the city streets, alleged to be maintained by defendant without lawful authority.

Where the answer of defendant, in addition to putting in issue the various material allegations of the petition, sets forth at considerable length facts upon which it bases its contention that the application should be denied, many of which facts are denied in the replying affidavits, the court upon refusing to grant a peremptory writ may in view of the importance of the questions involved, and of the issues of fact raised by the pleadings, grant an alternative writ, the trial to proceed pursuant to section 2084 of the Code of Civil Procedure.

APPLICATION for a peremptory writ of mandamus.

William P. Burr for petitioner.

Lamar Hardy, Corporation Counsel, for defendants Williams and Pounds.

Ingraham, Sheehan & Moran, for defendants Edison Electric Illuminating Company and Amsterdam Electric Light, Heat and Power Company.

BENEDICT, J.   This is an application for a peremptory writ of mandamus to compel the defendants to remove certain electric light poles and wires from public streets in the thirtieth ward of the borough of Brooklyn.   These poles and wires are owned by the defendant Edison Electric Illuminating Company of Brooklyn and are alleged to be maintained by it without lawful authority.   That company, and an affiliated company called the Amsterdam Electric Light, Heat and Power Company, were brought into this proceeding as parties defendant after the proceeding had been instituted, upon the application of the original defendants, and have served answers herein.

The contention of the relator is based upon the fact that the defendant Edison Company was incorporated pursuant to chapter 40 of the Laws of 1848, known as

the Manufacturing Act, and that neither by that act nor any act amendatory thereof or supplemental thereto did that company acquire a franchise to use the public streets for private gain in carrying on a commercial business therein; and, further, that not having received any franchise from the state for that purpose the common council of the former city of Brooklyn could not and did not legally grant any right to the said company to use the streets, avenues and public places of the city to carry on its business, and further that the same disability attaches to the incorporation of the Citizens Mutual and Kings County Electric Light and Power Companies.

The defendant Edison Company was incorporated in 1887, under the act of 1848 which authorizes the formation of companies " for the purpose of carrying on any kind of manufacturing, mining, mechanical or chemical business."

It has been held that the generation of electric current constitutes " manufacturing." *People ex rel. Brush Elec. Mfg. Co.* v. *Wemple*, 129 N. Y. 543; *People ex rel. Edison Elec. Ill. Co.* v. *Wemple,* Id. 665; 141 id. 471. The certificate of incorporation of the Edison Company provided that the objects of the company were, " To manufacture, use and sell electricity, and electrical and mechanical apparatus in the city of Brooklyn, for producing light, heat and power." It seems to be conceded that there was no other law in force at that time under which a company organized to manufacture electricity for light, heat and power could have been incorporated in Brooklyn or Kings county, for Brooklyn and Kings county were expressly exempted from the operation of chapter 512 of the Laws of 1879, as amended by chapter 73 of the Laws of 1882, which authorized any gas company incorporated under chapter 37 of the Laws of 1848,

and " any corporation duly organized under the laws
of this state for manufacturing and using electricity
for producing light, heat or power " to use electricity
for lighting public places and private dwellings in
cities, villages and towns within the state. Why
Brooklyn and Kings county should have been selected
out of the whole state for exemption from this act is
not apparent. It is possible that the legislature may
have been under the impression that the city of Brook-
lyn possessed the power to grant a franchise for that
purpose, but there is nothing in the papers which have
been submitted which clearly and conclusively points
to the power of the city of Brooklyn to grant such a
franchise. An examination of the charters of the city
of Brooklyn of 1873 and of 1888 and of the amend-
ments thereof down to the time of consolidation does
not disclose any power conferred upon the common
council to grant franchises for supplying electric light,
heat or power. Doubtless the common council of the
city of Brooklyn did possess, under its power to
" regulate all matters connected with the public
wharves and all business conducted thereon, and with
all parks, places and streets of the city " (Laws of
1873, chap. 863, tit. 2, § 13, subd. 4), power to provide
by ordinance for the lighting of the public streets of
the city, such lighting being an incident to the use of
the streets as public highways for the protection and
safety of the public right of traveling over the high-
way. *Palmer* v. *Larchmont El. Co.,* 158 N. Y. 231.
Such a use is for a street purpose as distinguished
from a municipal purpose. A street purpose is exclu-
sively a highway purpose, and any use of the street
which improves or benefits it as a highway is a proper
street use. *Matter of Rapid Transit R. R. Comrs.,*
197 N. Y. 81, 97. Under the rules laid down by these
cases the right of the common council of Brooklyn,

therefore, to contract with the Edison Company or with any other corporation or person to furnish light in the streets under a *contract* would appear to have existed. This, however, would not confer upon the company the right to furnish light, heat or power to abutting owners for profit; in other words, it would not be broad enough to confer a franchise of that sort upon the defendant Edison Company. This proposition has, I think, received judicial sanction in *Rhinehart* v. *Redfield,* 93 App. Div. 410, which was unanimously affirmed in 179 N. Y. 569, upon the opinion of Woodward, J. See, also, *People ex rel. Urban Water Supply Co.* v. *Connolly,* 86 Misc. Rep. 670; affd., 164 App. Div. 163; 213 N. Y. 706, without opinion.

Among other defenses which it asserts, the defendant Edison Company alleges in its answer that it is the only company furnishing electric current for light, heat and power in the thirtieth ward to public and private consumers. It alleges that it is supplying current to many public or municipal buildings and plants, and, in addition, to approximately 10,000 private consumers within the thirtieth ward; and it claims to have expended approximately $160,000 above the surface and $740,000 beneath the surface of the streets in that ward, in addition to more than $2,000,000 in the construction of its generating plant at Sixty-sixth street and the New York bay. The argument based upon these facts that a franchise was granted to it by estoppel or acquiescence is unsound. *People ex rel. Browning, King & Co.* v. *Stover,* 145 App. Div. 259, 262, where Scott, J., points out the distinction which exists in this respect between mandamus to compel public officials to perform their duty to remove street encroachments and an action in equity to enforce a private right.

The same defendant further contends that since it has been taxed yearly by the state on its franchise that is a recognition by the state of the existence of the franchise and works an estoppel against the contrary contention. But this is not any more sound than the other proposition. See *Holmes Electric Protective Co.* v. *Armstrong,* 97 Misc. Rep. 184, where Hotchkiss, J., discusses the question with care and precision (pp. 195–197).

This defendant contends furthermore that it acquired and now possesses the right to use the streets of the borough of Brooklyn for supplying electrical current for public or private uses under the circumstances set forth in its answer but which it is not now necessary to review in view of the conclusion at which the court has arrived.

This defendant also contends that the relator, as a citizen and resident, has no right to maintain this proceeding. Such a right has, however, been distinctly enunciated. *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390; *People ex rel. Cross Co.* v. *Ahearn,* 124 App. Div. 845; *People ex rel. Browning, King & Co.* v. *Stover,* 145 id. 259–263; *Acme Realty Co.* v. *Schinasi,* 154 id. 397; *Southern Leasing Co.* v. *Ludwig,* 168 id. 233; reversed upon appeal on another ground. See 217 N. Y. 100, 104. See, also, *People ex rel. Publicity Leasing Co.* v. *Ludwig,* 218 N. Y. 540.

This rule being clearly established in this state by recent decisions, some of which are cited in the brief of the defendant Edison Company, the court notes, with regret, that that brief is marred by a denunciation of the plaintiff as a " malicious meddler " and by disparaging remarks concerning his occupation as that of painter and paperhanger. The law is no respecter of persons and it ill becomes the counsel for a public service corporation, drawing its sustenance from the

generous breasts of the public, to attack the motives of an antagonist upon the ground that his occupation is lowly. In the eyes of some persons the relator's occupation might be abstractly regarded as quite as honest as that of the defendant corporation. In the eyes of the court the relative integrity of the litigants in their business dealings is not in issue, and the reference in the brief is, therefore, out of place.

The defendants, William Williams, as commissioner of the department of water supply, gas and electricity of the city of New York, and Lewis H. Pounds, as president of the borough of Brooklyn, who are represented in this proceeding by the corporation counsel of the city of New York, contend, in the first place, that the petitioner does not show a clear legal right to a peremptory writ of mandamus, and that his petition does not present a case for the issuance of such a writ, and that, if any writ be granted, it should be an alternative writ, because the replying affidavit submitted on behalf of those defendants denies certain material allegations of the petition. In addition, these official defendants argue that the question presented by the petition here as to the right of the Edison Company to operate in the thirtieth ward of the borough of Brooklyn has already been considered and passed upon or was involved in an action brought by the said company and by the Amsterdam Electric Light, Heat and Power Company, as plaintiffs, to restrain the board of estimate and apportionment from revoking a permit or consent granted by the common council of Brooklyn on December 30, 1895, to the State Electric Light and Power Company, which was afterward assigned to the Amsterdam Company. In that action judgment was entered, on April 14, 1917, restraining the mayor of the city of New York, the members of the board of estimate and apportionment and the city of New York

" from taking any legal or other action to prevent the plaintiff, Amsterdam Electric Light, Heat & Power Company, from exercising the rights and privileges granted in said municipal consent or franchise, in the manner therein provided, for any cause or causes alleged to have existed, or heretofore existing, prior to the date of this judgment." And the complaint of the Edison Company was dismissed upon the ground that its relationship to the Amsterdam Company was merely that of a stockholder, and that it failed to prove that it leased the franchise of the Amsterdam Company or operated under it in any way. I understand that an appeal has been or is about to be taken from that judgment; and if the judgment dismissing the Edison Company's complaint should be reversed then the question of the right of the Edison Company to maintain poles and wires in the thirtieth ward would again come directly in issue in that action.

Under the facts alleged in the petition, answers and affidavits, and hereinbefore adverted to, the disposition of this application must be controlled by the general principles which the courts have laid down as applicable to the issuance of the writ of mandamus.

The writ of mandamus is not always demandable as an absolute right. Its issuance lies in the discretion of the court; that is, the application is addressed in the first instance to the sound discretion of the court at Special Term, to be reviewed by the Appellate Division; and, where it appears that the facts are such as to justify the court in refusing the writ as matter of discretion, the exercise of the discretion will not be interfered with unless it appears that the court has abused its discretion. *Matter of Hart,* 159 N. Y. 278, 284; *People ex rel. Lehmaier* v. *Interurban R. Co.,* 177 id. 296, 302. It has been said: " The writ is employed only in unusual cases where other remedies

fail, and it is hedged about by many conditions totally inapplicable to the ordinary suit at law. The applicant must in all cases substantially demonstrate the propriety and justice of his case. Nor is the court bound to take the case as the applicant presents it. It may consider defendant's rights, the interest of third persons, the importance or unimportance of the case, and the applicant's conduct, in determining whether or not the writ shall go. The issuing of the writ therefore is generally, almost universally, considered discretionary, and to this extent only is the proceeding a prerogative one." 26 Cyc. 144. The writ issues only in case of necessity to prevent injustice or great injury. If there be doubt of its necessity or propriety it will not go. As Clarke, P. J., remarks in *People ex rel. Commissioners* v. *Supervisors,* 22 How, 275: " The court will not confine itself to a consideration of the technical right, but will regard the equitable circumstances connected with the application, and the consequences which would result from granting it and if, on the whole, injustice or even serious public inconvenience and no substantial benefit would follow, the writ would not be issued." See, also, the cases cited in *Matter of Burke* v. *Connolly,* 76 Misc. Rep. 337.

Above and beyond these considerations is the necessity which the relator is always under in any application of this nature of showing that his legal right to the performance of the particular act of which performance is sought to be compelled is clear and complete. *People ex rel. McMackim* v. *Board of Police,* 107 N. Y. 235, which lays down this rule, and has been followed in numerous decisions. This the relator has failed to do in the instant case, and especially by reason of the denials of material facts stated in the petition.

37

Applying these principles here, it follows that the application for a peremptory writ should be denied both as matter of right and in the exercise of discretion.

It has been said that an alternative writ will not be granted where it appears that a peremptory writ should not issue. This is not the law in this state. It is true, of course, that the court, in considering whether the applicant is entitled to a *peremptory* writ of mandamus, must disregard any averments contained in his paper which are denied in the opposing affidavits and assume the facts set out in the latter to be true. *People ex rel. Lewis* v. *Brush,* 146 N. Y. 60; *People ex rel. Corrigan* v. *Mayor,* 149 id. 215; *Matter of Haebler* v. *New York Produce Exchange,* Id. 414, 418; *People ex rel. City of Buffalo* v. *N. Y. C. & H. R. R. R. Co.,* 156 id. 570, 571. The reason for this rule is that upon the motion for a mandamus the opposing affidavits are equivalent to a demurrer, and the question must be determined upon the assumption that the averments of the opposing affidavits are true. But it is also true, as stated in *People ex rel. Gardiner* v. *Goff,* 27 Misc. Rep. 331, by Giegerich, J., that where it appeared from an examination of the opposing affidavits that they contained a denial of the allegations contained in the moving affidavits, an alternative writ should be granted; and he cited High on Extraordinary Legal Remedies, § 547a, and *People* v. *R., W. & O. R. R. Co.,* 103 N. Y. 95, 105, in which case the Court of Appeals, speaking through Earl, J., said: "Where the material allegations of the application for a writ are put in issue,.or where the answering affidavits contain allegations showing that a peremptory writ ought not to be issued, the court should award an alternative mandamus in the first instance,

in order that the issues of fact may be regularly tried before the proper tribunal.''

The affidavit and answer of the defendant Edison Company puts in issue various material allegations of the petition and in addition sets out at considerable length facts upon which it bases its contention that the petition should be denied. Many of these facts are denied in the replying affidavits submitted on behalf of the relator and the corporation counsel.

It is true that the petition does not in terms ask that an alternative writ be issued, but in the brief submitted for the relator it is requested that an alternative writ be issued in the event of the denial of the application for the peremptory writ, and the corporation counsel asks that in any event no peremptory writ but, at most, an alternative writ be issued. The Appellate Division of the first department, in *Jones* v. *Willcox*, 80 App. Div. 167, held that the court might grant an alternative writ, even if not prayed for, upon refusal of an application for a peremptory writ.

In view, therefore, of the importance of the questions involved and of the issues of fact which are raised by the pleadings an alternative writ should issue to determine all disputed questions of fact between the parties. Let the order determining the issues of fact to be stated in the writ be settled on notice to all parties. It will provide that the return to the writ be filed at the office of the clerk of the county of Kings, in which county the court directs the issues of fact to be tried, pursuant to section 2084 of the Code of Civil Procedure. No costs of this motion.

Ordered accordingly.