Points Decided.

(November 8, 1918.)

ISAAC BEEM, Respondent, v. GROVER DAVIS, C. W. CASE, ARTHUR SMALL, JESS EDWARDS, and C. C. STEVENS, Trustees of the Village of Filer, a Municipal Corporation, L. D. ALLEN, Constable, and GEM STATE LUMBER COMPANY, Appellants.

[175 Pac. 959.]

MANDAMUS—PUBLIC OFFICERS—VILLAGE ORDINANCES—STATUTORY CONSTRUCTION.

1. Where the intent of a village ordinance is clear, courts are not required to resort to rules of construction in order to determine its meaning.

2. The existence of an adequate remedy in the ordinary course of law, either legal or equitable in its nature, will prevent the issuance of a writ of mandate.

3. *Held,* that in this case the relator did not have a plain, speedy and adequate remedy in the ordinary course of law.

4. A citizen has a right to a writ of mandate to compel public officers to perform a statutory public duty, even though he may have a right of action against a private individual which would redress the private injury to himself.

5. Public officers may be compelled by writ of mandate to perform their official duties, although the details of such performance are left to their discretion.

6. The power to provide for the demolition of buildings constructed in violation of an ordinance establishing fire limits within a village is necessarily implied in order to make the ordinance effective, where the statute authorizes the village to prescribe fire limits within which no building shall be constructed except of brick, stone or other incombustible material, with fire-proof roof.

7. An ordinance can be repealed only in pursuance of the same method required for its enactment.

8. In an action for a writ of mandate to require the enforcement of an ordinance prescribing fire limits, and providing for the demolition of buildings erected in violation thereof, members of the board of trustees of the village, and the chairman thereof, are the officers to whom the writ should be directed.

[As to *mandamus* against public officer, see note in 98 **Am. St.** 863. As to duties performance of which may be compelled by *mandamus,* see note in 125 Am. St. 492.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. W. A. Babcock, Judge.

From judgment granting peremptory writ of mandate, defendants appeal. *Modified and affirmed.*

Guthrie & Bowen and A. R. Hicks, for Appellants.

Under the doctrine of "*ejusdem generis,*" the words "any other building" following an enumeration of particular classes, as in ordinance No. 21 in question, is to be read as "other such like." (36 Cyc. 1120.)

The statutory provision, Rev. Codes, sec. 4978, that *mandamus* is a proper remedy under certain circumstances where there is no plain, speedy and adequate remedy at law, means the lack of any adequate remedy by statute, at law, or in equity. (2 Bailey on Habeas Corpus, p. 829; 26 Cyc. 168, 280; *Turney v. Morrissey,* 22 Cal. App. 271, 134 Pac. 335.)

For one to invoke *mandamus,* he must have a special interest differing from that pertaining to the general public. (*Marini v. Graham,* 67 Cal. 130, 7 Pac. 442; *Fritts v. Charles,* 145 Cal. 512, 78 Pac. 1057.)

If injury complained of was special and irreparable, injunction was proper remedy. (*First Nat. Bank v. Sarles,* 129 Ind. 201, 28 Am. St. 185, 28 N. E. 434, 13 L. R. A. 481.)

*Mandamus* cannot be used as a preventive writ, or as substitute for injunction. (26 Cyc. 143.)

Writ does not lie to compel the doing of any act calling for exercise of discretion. (*State v. Brewer,* 39 Wash. 65, 109 Am. St. 858, 4 Ann. Cas. 197, 80 Pac. 1001.)

Village has no power to authorize building to be demolished; village has powers given by statute. (28 Cyc. 258.)

Walters & Hodgin and Taylor Cummins, for Respondent.

Enforcement of ordinances is clearly a duty imposed by law upon the village trustees.

"*Mandamus* will issue against public boards and legislative bodies to coerce the performance by them of mandatory ministerial duties, being those as to which they have no discretionary powers or functions." (3 Abbott on Municipal Corporations, sec. 1114; High on Extraordinary Legal Remedies, 3d ed., sec. 325.)

Corporate authorities have no power to suspend an ordinance nor to authorize a violation of it. (2 McQuillin on Municipal Corporations, sec. 669; *Ristine v. Clements,* 31 Ind. App. 338, 66 N. E. 924; High on Extraordinary Legal Remedies, 3d ed., sec. 333.)

A private citizen is a competent party to a *mandamus* proceeding to compel public officers to enforce a local ordinance, and it is not necessary that relator should show a special injury to entitle him to proceed by *mandamus*. (2 McQuillin on Municipal Corporations, sec. 804; *State ex rel. Wear v. Francis,* 95 Mo. 44, 8 S. W. 1; *People v. Ahearn,* 124 App. Div. 840, 109 N. Y. Supp. 249; *People ex rel. Pumpyansky v. Keating,* 168 N. Y. 390, 61 N. E. 637; *People v. Stover,* 145 App. Div. 259, 130 N. Y. Supp. 92; *State v. Gardner,* 32 Wash. 550, 98 Am. St. 858, 73 Pac. 690.)

The village has power to authorize buildings to be removed or demolished and reconstructed in conformity with ordinance. (*State ex rel. Wear v. Francis, supra; City of New York v. Knickerbocker Trust Co.,* 104 App. Div. 223, 93 N. Y. Supp. 937; *City of New York v. Rice,* 198 N. Y. 124, 91 N. E. 283, 28 L. R. A., N. S., 375.)

RICE, J.—On April 17, 1916, the plaintiff filed a petition in the district court for a writ of mandate directed against the defendants. The defendants included the duly elected, acting and qualified trustees of the village of Filer, in Twin Falls county; one L. D. Allen, who was alleged to be the duly elected, acting and qualified constable of said village, and the Gem State Lumber Company, a corporation. The writ was sought in order to command the officers of the village to enforce the provisions of an ordinance fixing the fire limits therein, and to require the lumber company to obey the terms

and provisions of the said ordinance. A general demurrer interposed to the petition was overruled. It would appear from the record that an answer was thereafter filed, but the answer does not appear in the transcript. The action was tried, and resulted in a judgment directing the issuance of a peremptory writ. The defendants appeal.

The building which it is claimed was erected in violation of the ordinance is a wooden lumber shed, 20 ft. wide and 150 ft. long. It is contended by appellants that the structure complained of is not prohibited by the ordinance, section 2 of which reads as follows: "No person or persons shall erect or cause to be erected in the above described restricted territory, any store building, office building, garage, or any other building, except barns and residences, unless the same shall be constructed with exterior walls built of brick, stone, adobe or concrete, and shall have a metal, slate, tile, brick, concrete or composition roof, and the side walls of such building shall extend two feet above the roof." It is argued that in construing this section of the ordinance the rule known as that of "*ejusdem generis*" should be applied, and that only buildings of the same general class as those enumerated are prohibited. Where, however, the meaning of an ordinance is clear, courts are not obliged to resort to the various rules of construction in order to arrive at the intent of the enactment. It is plain that all buildings are prohibited, except barns and residences. Nor should the suggestion that the structure complained of was denominated by appellants as a shed, and therefore not a building, receive consideration. This shed is a building within the meaning of the ordinance.

The serious questions are whether the relator may bring this proceeding and whether *mandamus* is the proper remedy.

It has been held that it is not necessary that a relator, who is a citizen of the municipality, show a special injury to himself or his property to entitle him to proceed by *mandamus* to compel public officers to enforce a municipal ordinance. (2 McQuillin on Municipal Corporations, sec. 804; *State ex rel. Wear v. Francis,* 95 Mo. 44, 8 S. W. 1; *People v. Ahearn,* · 124 App. Div. 840, 109 N. Y. Supp. 249; *People ex rel.*

*Pumpyansky v. Keating*, 168 N. Y. 390, 61 N. E. 637; *People v. Stover*, 145 App. Div. 259, 130 N. Y. Supp. 92.)

It is contended that the relator has a plain, speedy and adequate remedy in the ordinary course of law, and that therefore the writ should not issue. Art. 5, sec. 1 of the constitution provides that "the distinctions between actions at law and suits in equity, and the forms of all such actions and suits, are hereby prohibited; and there shall be in this state but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action." We think the existence of an adequate remedy in the ordinary course of legal procedure, either legal or equitable in its nature, would prevent the issuance of the writ.

It is suggested that the relator might have prevented the erection of the building by an injunction, and that the remedy would be adequate. A person owning property within the fire limits of a city or village who will suffer serious or irreparable injury to his property by reason of the erection of a building in violation of the provisions of an ordinance fixing the fire limits may prevent the erection of such building by injunction. (*Bangs v. Dworak*, 75 Neb. 714, 106 N. W. 780, 5 L. R. A., N. S., 493; *First Nat. Bank v. Sarlls*, 129 Ind. 201, 28 Am. St. 185, 28 N. E. 434, 13 L. R. A. 481. See, also, *Kaufman v. Stein*, 138 Ind. 49, 46 Am. St. 368, 37 N. E. 333.) We do not think, however, that the remedy by injunction in this case is adequate. It was shown that petitioner and others appeared before the board of trustees of the village, and requested them to prevent the erection of the building at a time when the structure was only partially erected, and that the village trustees refused to act. It was further shown that before the trial of the cause the building was completed. Injunction in the ordinary course of law is a preventive remedy, and in this case it is evident that injunction would not have secured the required relief, as the building was partially completed when the action was commenced.

It was further shown that the petitioner had erected a small outhouse on his premises in violation of the ordinance. In *People v. Stover, supra,* it was pointed out that in equity if the plaintiff was also a violator of the ordinance it would be ground for denying him equitable relief, but that this was no reason why he should be denied the remedy of *mandamus.*

By an action for injunction the relator would be seeking in a private action a remedy for his own private injury. The relief sought in the one case is not the same as that sought in the other. We do not think that because a private citizen may redress his private injury in a private suit, at law or in equity, he is thereby deprived of his right as a citizen to require public officials to perform a legal duty. For a discussion of principles somewhat analogous, see *Goodell v. Woodbury,* 71 N. H. 378, 52 Atl. 855.

It is contended that *mandamus* will not lie to compel the doing of any act which calls for the exercise of discretion in the doing of the act; nor to define the duties of an officer under the statutes and compel him to perform such duties as defined; nor to compel the performance by a public officer of his duties generally. (*People v. Darwin,* 81 Wash. 1, 142 Pac. 441; *State v. Brewer,* 39 Wash. 65, 109 Am. St. 858, 4 Ann. Cas. 197, 80 Pac. 1001; *People v. Busse,* 238 Ill. 593, 87 N. E. 840, 28 L. R. A., N. S., 246.) This is not such a case. This is not a case where there is a threatened violation of the ordinance in the future, nor where the writ is sought to compel the performance of official duties generally. This is a case of a building erected in violation of the village ordinance, and the existing and continued maintenance thereof in violation of the ordinance, and the writ is sought to compel the enforcement of the ordinance with reference to a specific violation thereof. It is a proper case for the exercise of the writ. In the case of *People v. Busse, supra,* the court in distinguishing the case of *Brokaw v. Highway Commrs.,* 130 Ill. 482, 22 N. E. 596, 6 L. R. A. 161, observed that in that case, "The obstruction then existed in the highway. The mandate of the court was in reference to an existing condition. A specific act was directed. It was not necessary to supervise gen-

erally the official conduct of officers in reference to violations of the law which it was alleged would take place in the future.'' (See, also, *Moores v. State,* 71 Neb. 522, 115 Am. St. 605, 99 N. W. 249.) The fact that certain details are left to the discretion of the authorities does not prevent relief by *mandamus.* (*Peotone etc. Dist. v. Adams,* 61 Ill. App. 435.) Writs of mandate have been granted frequently to compel repairs and maintenance of bridges and highways where it appeared that the details were left to the discretion of the board of officers commanded to perform the duty. (*Brokaw v. Highway Commrs., supra; Bigelow v. Brooks,* 119 Mich. 208, 77 N. W. 810; *State v. Cloud Co. Commrs.,* 39 Kan. 700, 18 Pac. 952; *People v. Stover, supra; Inhabitants of Brunswick v. City of Bath,* 90 Me. 479, 38 Atl. 532.)

Sec. 5 of the ordinance contains the following provision: ''Any building which is built in violation of any section of this ordinance, shall be immediately demolished or rebuilt to conform with the sections of this ordinance. It shall be the duty of the city marshal to see that this ordinance is enforced.'' Appellants contend that the village did not have power to enact an ordinance providing for the demolition of a building erected in violation of its provisions. The statute under which the ordinance was passed provides that the village shall have power to ''prescribe and alter the limits within which no building shall be constructed except of brick, stone or other incombustible material, with fire-proof roof, and after such limits are established, no special permit shall be given for the erection of buildings of combustible material within said limits.'' While the statute does not in express terms provide that a city or village may summarily destroy a building erected in violation of the provisions of an ordinance prescribing fire limits, we think such power is implied in order to make the ordinance effective. (28 Cyc. 741–743; *Baumgartner v. Hasty,* 100 Ind. 575, 50 Am. Rep. 830; *Lemmon v. Guthrie,* 113 Iowa, 36, 86 Am. St. 361, 84 N. W. 986; *Micks v. Mason,* 145 Mich. 212, 108 N. W. 707, 11 L. R. A., N. S., 653; *McKibbin v. Ft. Smith,* 35 Ark. 352; *Hine v. New Haven,* 40 Conn. 478.) We do not consider it important that

the statute or ordinance do not in express terms declare a building erected in violation of such an ordinance to be a nuisance. (*Klingler v. Bickel,* 117 Pa. St. 326, 11 Atl. 555.)

It was shown at the trial that about the time the building complained of was being constructed, the trustees undertook to suspend the ordinance so as to permit the erection of this building. The record is as follows: "It was moved by Davis, and seconded by Small, that Ordinance No. 21, so far as Lots 5, 6, 7, 8, 9 and 10, in Block 20, are concerned, be repealed until further notice. Upon roll call the following trustees voted 'Aye': Case, Davis, Small, and Edwards. Absent: Stevens." The clerk of the board testified that these proceedings were published in the following issue of the Filer Journal. This proceeding could not operate as a repeal of the ordinance. An ordinance can be repealed only by pursuance of the same method necessary for its enactment. Special permits are prohibited by Rev. Codes, sec. 2238, authorizing the fixing of fire limits by a village. (*Eichenlaub v. St. Joseph,* 113 Mo. 395, 21 S. W. 8, 18 L. R. A. 590.)

It remains to determine the officers against whom the writ will run. It does not clearly appear that the appellant Allen was a police officer of the village. The allegation of petitioner is that he is the duly elected, qualified and acting constable of the appellant corporation. The statute provides for the appointment of police officers. A serious objection to a writ issuing to a subordinate officer is pointed out in the case of *Alger v. Seaver,* 138 Mass. 331. This court held in the case of *Conwell v. Village of Culdesac,* 13 Ida. 575, 92 Pac. 535, that a village police officer is removable at the pleasure of the board of trustees of a village. The board of trustees by removing the police officer might deprive him of his authority to act, and thus render the writ nugatory. Rev. Codes, sec. 2231, provides that the chairman of the board of trustees of the village shall cause the by-laws and ordinances thereof to be carried into effect. The chairman of the board is thus declared to be the executive officer of the village. Sec. 2223 provides that the corporate powers and duties of every village shall be vested in a board of trustees, to consist

of five members. Sec. 2229 provides that the board of trustees of a village may appoint such night watch and police as may be necessary. Since the appointment and removal of ministerial officers is vested in the board, the writ should be directed to the board of trustees and to the chairman thereof. The petition fails to designate the chairman of the board, and to that extent is insufficient.

The cause is remanded to the court below with instructions to permit the relator to amend his petition by designating which of the village trustees is chairman, submitting proof of the fact, and the court is directed to amend the writ so that it shall be directed to the persons composing the board of trustees of the village and the chairman thereof, and to issue the peremptory writ as so amended. No costs awarded on this appeal.

Budge, C. J., and Morgan, J., concur.