THE PEOPLE *ex rel.* Bartlett *et al.*

*v.*

EDWARD F. DUNNE, Mayor of Chicago.

*Announced orally February 7, 1906.*

1. MANDAMUS—*application for leave to file petition in mandamus is ex parte.* Application for leave to file a petition for *mandamus* is *ex parte,* and, in deciding the question of leave to file, only the petition, and suggestions in support of it, will be considered.

2. SAME—*proper office of writ of mandamus stated.* Mandamus lies to compel the performance of some duty which the respondent owes either to an individual or to the public; but the duty must be specific, and of such a character that the court can prescribe a definite act or series of acts which will constitute performance.

3. SAME—*mandamus does not lie to enforce general course of official conduct.* Mandamus will not lie to control and regulate a general course of official conduct by the respondent, nor to enforce the performance of official duties generally, though prescribed by statute, it not being practicable in such case for the court to prescribe the particular acts necessary to be done to constitute performance, nor could the court supervise and enforce the doing of such acts.

4. SAME—*a court cannot govern a city by mandamus.* Mandamus does not lie against the mayor of a city to compel him to close tippling houses on Sunday or to enforce observance of the liquor laws generally, by forfeiture of licenses, etc., since it is not within the sphere and jurisdiction of a court to assume ordinary governmental functions.

ORIGINAL petition for *mandamus.*

WALTER J. MILLER, and CHURCH, McMURDY & SHERMAN, for relators.

Mr. CHIEF JUSTICE CARTWRIGHT announced the opinion of the court:

Yesterday the relators moved for leave to file a petition for *mandamus,* and presented the petition, with suggestions in support of it. At that time the corporation counsel of the

city of Chicago stated to the court that he had prepared an argument against the motion, which was presented to the court, and since that time a reply to his argument has been presented by the relators. The application in this class of cases is *ex parte,* and nothing has been or will be considered except the petition of the relators, with the accompanying suggestions in support of the motion.

The petition sets out that the defendant, Edward F. Dunne, is mayor of the city of Chicago; that previous to the election he declared that if elected he would not enforce the laws of the State and the ordinances of the city respecting the keeping open of tippling houses on the Sabbath day, and that since his election he has neglected and refused to enforce such laws and ordinances, and has declared his deliberate intention to violate his duty in that respect and not to enforce either of them or to punish violators of them. Attention is called to the statute which imposes upon the mayor the duty and obligation to see that the laws and ordinances are faithfully executed, and the obligation assumed by him, as mayor, to do so. The prayer of the petition is that this court will issue the peremptory writ of *mandamus* to the defendant, enjoining and commanding him, without delay, and by the use, as far as may be necessary for the purpose, of every means, power and authority in that behalf conferred upon the mayor of said city by the laws of this State or the ordinances of the city of Chicago, to proceed, and thenceforth persistently to continue, to enforce within said city the statute of this State prohibiting the keeping open upon the first day of the week, called Sunday, of tippling houses and other places where liquor is sold or given away, and to compel the general observance of the provisions of said law in said city on each and every Sunday thereafter by every person amenable thereto, and to prevent the violation thereof, and secure the prosecution of every person violating the said law in said city, and to punish all violations of said law by licensed dram-shop keepers in said city by the revoca-

tion of their licenses, and generally and at all times to take care that said law is faithfully executed in said city.

The remedy by *mandamus* is one which is allowed to compel the performance of some duty owing to an individual or to the public. The duty must be specific in its nature, and of such character that the court can prescribe a definite act or series of acts which will constitute a performance of the duty, so that the respondent may know what he is obliged to do and may do the act required, and the court may know that the act has been performed and may enforce its performance. It is not necessary, in all cases, that the performance of the duty should consist of a single act. It may be a succession of acts, if the duty is specific and the acts are of such a nature that the court can supervise the performance of the duty and the execution of the mandate. For example, the court may require a railroad company to re-lay a portion of its track which has been taken up, and operate it; to operate its railway as a continuous line; to deliver freight to a certain elevator; to run a daily passenger train for the accommodation of passengers over its road in place of a mixed stock and passenger train, or to stop all its passenger trains at a certain station; but the writ has never been made use of, and does not lie, in this State at least, for the purpose of enforcing the performance of duties generally. It will not lie where the court would have to control and regulate a general course of official conduct and enforce the performance of official duties generally. In such a case the court could not prescribe the particular act to be performed and enforce its performance. It is plain that in this case, where the court is asked to require the defendant to adopt a course of official action, although it is a course required by the statute and imposed upon him by the law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in very numerous instances whether he had persistently, and to the extent of his power and the force in his hands, carried out the mandate of the court and per-

formed his official duty. It is manifest that where there are about seven thousand saloons in a city which are kept open on the Sabbath day in violation of law, as is alleged in this case, the court would not only have to enforce a general course of official conduct on the part of the mayor, but must also determine in numerous instances whether ground existed for the revocation of licenses, whether there had been violations of law, and to what extent he had endeavored to perform his duty with the force and facilities at his command for doing it. The writ will not lie for any such purpose. For the court to assume the management of municipal affairs in the city of Chicago would be to depart from its proper sphere and assume governmental functions, which are outside of the jurisdiction of the courts and not within the remedy by writ of *mandamus*.

Leave to file the petition is denied.

*Motion denied.*