THE PEOPLE *ex rel.* William A. Bartlett *et al.* Appellant,
*vs.* FRED A. BUSSE *et al.* Appellees.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. MANDAMUS—*courts will not control general course of official conduct of mayor.* A petition for *mandamus* to compel the mayor of a city to enforce the Sunday Closing law against a certain saloon-keeper will be denied where the petitioners have no property rights or special interests involved, and the petition does not seek to have the mayor commanded to do any specific act or series of acts, but to have the court control the general course of his official conduct and compel the performance of his official duties, generally, to prevent future violations of such Sunday Closing law. (*Brokaw* v. *Highway Comrs.* 130 Ill. 482, and *People* v. *Harris,* 203 id. 272, distinguished.)

2. SAME—*fact that petition is directed toward a single saloon-keeper instead of all saloon-keepers is not material.* The fact that a petition for *mandamus* to compel the mayor of a city to enforce the Sunday Closing law is directed toward a single saloon-keeper does not present a materially different case from a like petition the object of which is to compel the enforcement of the law against all saloon-keepers of the city.

3. MUNICIPAL CORPORATIONS—*Sunday Closing law is in force in Chicago.* Section 259 of the Criminal Code, requiring saloons to be closed on Sunday, is in force in the city of Chicago the same as it is in all other parts of the State.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

CHURCH & McMURDY, and WALTER J. MILLER, for appellant:

The Sunday Closing law of the State is still in full force in the city of Chicago. It was not repealed nor its local force in anywise impaired by the City and Village act nor by the incorporation of the city of Chicago thereunder. *People* v. *Harrison,* 185 Ill. 307; *Gardner* v. *People,* 20 id. 431; *Wragg* v. *Penn Township,* 94 id. 11; *McPherson* v.

238—38

*Chebanse,* 114 id. 46; *Hankins* v. *People,* 106 id. 628; *Hart* v. *People,* 89 id. 407; *Railroad Co.* v. *Stewart,* 230 id. 204; *In re Egypt Street,* 2 Grant's Cas. 455; *Haywood* v. *Savannah,* 12 Ga. 404; *Simpson* v. *Savage,* 1 Mo. 203; *State* v. *Young,* 17 Kan. 414; *Moore* v. *Kelly,* 136 Mich. 139; *Angerhoff* v. *State,* 15 Texas Ct. of App. 613.

The enforcement of this law is one of the plain duties of the mayor. Whatever discretion he may have as to the method by which he will enforce and compel obedience to it, he has no discretion whatever as to the duty to enforce it. In the case of public officials the conferment of power is the imposition of duty. Rev. Stat. chap. 38, par. 259; chap. 24, pars. 23, 75, 83; *McPherson* v. *Chebanse,* 114 Ill. 46; *Brokaw* v. *Highway Comrs.* 130 id. 482; *People* v. *Dunne,* 219 id. 346; *Binder* v. *Langhorst,* 234 id. 583.

Where a power is conferred by law upon a mayor or other public official which is to be exercised for the public benefit, its execution can be insisted upon as a duty by any citizen without the necessity of showing that he has any interest in the result, other than his interest as a citizen, in having the laws enforced. In proceedings brought to compel performance of such duty the people of the State are regarded as the real party. *People* v. *Mayor,* 59 How. Pr. 277; *People* v. *Kellogg,* 95 Wis. 672; *People* v. *Curtis,* 110 N. W. Rep. 189; *Glencoe* v. *People,* 78 Ill. 382; *State* v. *Cummings,* 17 Neb. 311; *Moores* v. *State,* 71 id. 522; *State* v. *Noonan,* 59 Mo. App. 524; *Attorney General* v. *Boston,* 123 Mass. 460; *State* v. *Williams,* 45 Ore. 314; *Goodell* v. *Woodbury,* 71 N. H. 378; *State* v. *Commissioners,* 80 Ind. 478; *People* v. *Collins,* 19 Wend. 56; *Brunswick* v. *Bath,* 90 Me. 479; *In re Whitney,* 3 N. Y. Supp. 838; *Ottawa* v. *People,* 48 Ill. 233; *People* v. *Mayor,* 63 id. 207; *People* v. *Harris,* 203 id. 272; *Loraine* v. *Railroad Co.* 205 Pa. 132; *Railway Co.* v. *People,* 56 Ill. 365; *Railroad Co.* v. *People,* 143 id. 434; *People* v. *Railroad Co.* 176 id. 512; *Dental Examiners* v. *People,* 123 id. 227;

*Brokaw* v. *Highway Comrs.* 130 id. 482; *State* v. *Directors of Schools,* 134 Mo. 296; *Wood* v. *Strother,* 76 Cal. 545.

The prayer of the petition, even if too broad, is immaterial if any relief within its general scope can be granted. *People* v. *Secretary of State,* 58 Ill. 90; *Watch Case Co.* v. *Pierson,* 140 id. 423; *State* v. *Crites,* 48 Ohio St. 142; *State* v. *Lawrence,* 2 So. Dak. 185; *Howard* v. *Huron,* 26 L. R. A. 493.

This court should enter judgment here, or, if it remand the case, give specific directions for the issuance of the writ in accordance with the prayer of the petition. *People* v. *Railroad Co.* 176 Ill. 512; *Young* v. *Carey,* 184 id. 613.

MAYER, MEYER & AUSTRIAN, (LEVY MAYER, and EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellees:

*Mandamus* will not lie to compel a public official to enforce a criminal law, either generally or in a specific case. *People* v. *Dunne,* 219 Ill. 346; *Cope* v. *Fair Ass.* 99 id. 489; *People* v. *Listman,* 82 N. Y. Sup. 784; *State* v. *Francis,* 95 Mo. 44; *State* v. *Brewer,* 39 Wash. 65; *Alger* v. *Seaver,* 138 Mass. 331; *Mitchell* v. *Boardman,* 79 Me. 469; *Boyne* v. *Ryan,* 100 Cal. 265; *People* v. *Whipple,* 41 Mich. 548; *State* v. *O'Leary,* 155 Ind. 526; *People* v. *District Court,* 26 Col. 386; *Cady* v. *Ihnken,* 129 Mich. 466; *People* v. *Leonard,* 74 N. Y. 443; Merrill on Mandamus, secs. 69, 88; High on Ex. Legal Rem. 315, 316; High on Injunctions, (4th ed.) sec. 20; 13 Ency. of Pl. & Pr. 497.

The granting of a writ of *mandamus* is discretionary with the court, and it will not be granted where the right is doubtful. Nor will the writ lie to compel the performance of discretionary duties. *Kenneally* v. *Chicago,* 220 Ill. 485.

The mayor has a reasonable discretion with respect to the granting or refusing of licenses. *Harrison* v. *People,* 222 Ill. 150.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition for a writ of *mandamus* filed on December 21, 1906, in the superior court of Cook county, at the relation of William A. Bartlett, A. Lincoln Shute and Robert J. Bennett, against Edward F. Dunne, then mayor of Chicago, and Michael Kenna, proprietor of two licensed dram-shops in the city of Chicago. Kenna demurred to the petition and Dunne answered. The petitioner demurred to the answer. The court by the same order sustained the demurrer to the petition and overruled the demurrer to the answer. Petitioner stood by its petition and by its demurrer to the answer. Thereupon final judgment was entered against it. That judgment has been affirmed by the Appellate Court for the First District and a further appeal is prosecuted to this court. While the case was pending in the Appellate Court the term of Dunne as mayor expired, and his successor, Fred A. Busse, was substituted as an appellee.

The petition, so far as material, avers that Kenna is the owner of two licensed dram-shops in Chicago; that he is operating them by virtue of licenses issued for a period beginning November 1, 1906, and ending April 30, 1907; that in the conduct of said saloons Kenna has openly, habitually and continually violated section 259 of the Criminal Code, (Hurd's Stat. 1908,) which provides, "whoever keeps open any tippling house or place where liquor is sold or given away upon the first day of the week, commonly called Sunday, shall be fined not exceeding $200;" that the mayor had knowledge of these habitual violations of the section in question by Kenna as they occurred, and that he has made no attempt in any way to enforce or compel the observance of this statute, and that he will hereafter continue to permit Kenna to disregard that statute and will permit Kenna habitually to keep his dram-shops open on Sundays and will fail and refuse to take any steps or measures to compel

Kenna to observe that statute; that the ordinances of the city of Chicago provide that if the mayor shall be satisfied, at any time, that liquor is sold, served or given away in a dram-shop contrary to the laws of the State or the ordinances of the city he may revoke the license of the keeper. The prayer of the petition is that the mayor be commanded to use, without delay, so far as may be necessary, every means, power and authority conferred upon him by the laws of the State or the ordinances of the city to enforce against Kenna the statute above quoted, by closing, or compelling Kenna to close, his saloons and keep the same closed on each and every Sunday after the writ of *mandamus* issues, and in case of Kenna's refusal to obey the law, to secure his prosecution therefor, and to punish such violation of the law by a revocation of Kenna's licenses.

The answer filed by former Mayor Dunne, as set out in appellees' brief, avers that said section 259 of the State law is not in force in the city of Chicago. If this averment were true, it would, of necessity, dispose of this case. But it is not true. That section is the law in Chicago precisely as it is the law in all other parts of the State. The mayor of a city is charged with the execution of all laws and ordinances in force therein. (Hurd's Stat. 1908, chap. 24, sec. 23, p. 311.)

It is to be observed that the petition does not seek to have the mayor commanded to do any specific act or any series of specific acts; that the relators have no property rights that will be affected by the event of the suit, and have no interest in the enforcement against Kenna of the statute in question except the interest which they possess in common with other members of the public.

The case of *People* v. *Dunne*, 219 Ill. 346, was a motion made in this court for leave to file here an original petition for *mandamus* at the relation of the same persons who are the relators in the present proceeding. In that case the purpose was to have the mayor of the city of Chicago

commanded by this court to enforce the statute in question against all persons in the city of Chicago engaged in the business of selling liquor, it being there alleged that all the dram-shops in the city, about seven thousand in number, were and would be habitually kept open on the Sabbath day in violation of law, and that the mayor refused to enforce the law. The prayer of the petition which accompanied the motion in that case was not different from the prayer of the petition in the case at bar, except that in the earlier case it was sought to have the mayor commanded to enforce the statute in question against all the dram-shop keepers in the city of Chicago, while in the case now before us it is sought to have him enforce this law against Kenna alone, who is the keeper of two dram-shops.

In *People* v. *Dunne, supra,* leave to file the petition was denied for three reasons: First, because *mandamus* will not be awarded except where the duty is specific in its nature and of such character that the court can prescribe a definite act or series of acts which will constitute a performance of that duty, so that the respondent may know precisely what he is to do and the court may know whether the precise act or acts have been performed, the duty which it was there sought to have the mayor perform not being of that character; second, because the petitioner improperly sought to have the court control and regulate a general course of official conduct and enforce the performance of official duties, generally, with reference to violations of the law which it was alleged would occur in the future; third, because to grant the prayer of the petition would be for the court to wrongfully assume the management of the municipal affairs of the city and to assume governmental functions, which are lodged in the executive department.

The opinion in that case was announced orally from the bench, and while no authorities were then specifically referred to, the propositions of law there announced are fundamental and abundantly supported by precedent. Merrill

on Mandamus, secs. 31, 69; *People* v. *Bissell,* 19 Ill. 229; *Secretary* v. *McGarrahan,* 19 Wall. 298; *People* v. *Leonard,* 74 N. Y. 443; *State* v. *Francis,* 95 Mo. 44; *State* v. *Brewer,* 39 Wash. 65; *Alger* v. *Seaver,* 138 Mass. 331; *Boyne* v. *Ryan,* 100 Cal. 265; *Mitchell* v. *Boardman,* 79 Me. 469; *People* v. *Whipple,* 41 Mich. 548; *Cady* v. *Ihnken,* 129 id. 466; *Sweet* v. *Smith,* 117 N. W. Rep. (Mich.) 59; *Ex parte Young,* 209 U. S. 123.

Appellant contends, however, that *People* v. *Dunne, supra,* differs essentially from this case in two particulars: First, it is said that the petition in that case, being addressed to this court, brought the petitioner within the rule that this court would exercise its discretion in every instance where a motion for leave to file a petition for *mandamus* was made in this court, as to whether it would entertain the petition, and that in doing so it would not consider itself bound by any strict rule. While counsel do not state accurately the rule in reference to the circumstances under which we will entertain an original petition for *mandamus,* yet it clearly appears that the distinction claimed does not exist, for the reason that our decision in the earlier case was not placed on the ground that the petitioner had stated a cause of which we would, in the exercise of our discretion, refuse to take jurisdiction as an original proceeding. The second particular in which it is said the cases differ is found in the fact that by the petition which accompanied the motion in *People* v. *Dunne, supra,* it was sought to have the mayor commanded to enforce the statute in question as to all dram-shops within the city of Chicago, while in the present case the duty which the mayor is to perform is to enforce the statute against Kenna and his two saloons. This is not a material difference. No authority is cited which recognizes such a distinction. Every objection to commanding the mayor to enforce this law with reference to seven thousand saloons, suggested in *People* v. *Dunne, supra,* applies in lesser degree to commanding him to enforce it with ref-

erence to one owner and two saloons. If counsel for appellant be correct, by the institution of seven thousand suits instead of one the courts could be required to exercise precisely the supervision over the mayor that we held in the *Dunne case* they could not be required to exercise. Counsel for appellant confuse the functions of the executive and judicial departments of government. If their contention was to prevail, the mandate of the court would be substituted for the statute which denounces misfeasance and malfeasance in office.

It is impossible within an opinion of any reasonable length to discuss the numerous cases cited and quoted from by counsel for appellant in the 168 pages of brief and argument presented. It seems proper, however, to refer briefly to the cases of *Brokaw* v. *Highway Comrs.* 130 Ill. 482, and *People* v. *Harris,* 203 id. 272, upon which they place great reliance. In the first of these cases the commissioners were required by *mandamus* to remove an obstruction in a public highway in accordance with a statute which made it their duty so to do. In the second, the mayor and aldermen of the city of Champaign were required by *mandamus* to remove an obstruction in or an encroachment upon a street. In the *Brokaw case* it was held that the commissioners were, as to the removal, without discretion, and that it was their duty, under the law, to remove the obstruction. The obstruction then existed in the highway. The mandate of the court was in reference to an existing condition. A specific act was directed. It was not necessary to supervise, generally, the official conduct of the officers in reference to violations of the law which it was alleged would take place in the future. It is not here sought to have the mayor commanded to do a specific thing in reference to a violation of the law which has already taken place, but the purpose is to have him commanded to enforce the statute above set out, which he might do in any one or all of several ways, against Kenna in reference to his two dram-shops so far as

future violations of that statute are concerned. The case is thus readily distinguished from the case at bar. The Champaign case is not different from the *Brokaw case,* so far as the matters here material are concerned.

Upon the motion of appellees the superior court struck out certain averments contained in the petition as originally filed. Exceptions to this action of the court do not seem to have been properly preserved, but, regardless of that question, the averments stricken were, under our view of the law as above expressed, immaterial.

The judgment of the Appellate Court will be. affirmed.

*Judgment affirmed.*