## The People of the State of Illinois ex rel. Walter Konzack, Appellee, v. Herman F. Schuettler, Appellant.

### Gen. No. 23,497.

1.  THEATERS AND SHOWS—*when moving picture film may be exhibited before Appellate Court.* On a petition for a writ of mandamus to compel the issuance of a permit to exhibit a moving picture film, where the only evidence adduced below was the presentation of the film and the film is made an exhibit and is, on appeal, certified to the Appellate Court, it may, at the request of the parties, be exhibited before that court.

2.  THEATERS AND SHOWS, § 4*—*when proper to direct verdict for petitioner in proceedings to compel issuance of permit for exhibition of moving picture film.* On a petition for a writ of mandamus to compel the issuance of a permit for the exhibition of a film, only where, from the inspection of the film alone, which is presented before the jury, it can be said that there is nothing in the picture tending to support the defense that it is immoral and that the refusal of the permit was not an abuse of discretion, is it proper to direct a verdict for the petitioner on the ground that the question presented by the inspection is one of law and not for the jury.

3.  THEATERS AND SHOWS, § 4*—*when question whether moving picture film is immoral is for jury.* The question whether a moving picture film which suggests and encourages the use of certain means of preventing conception is immoral is for the jury.

4.  THEATERS AND SHOWS, § 3*—*what is function of censor in deciding whether exhibition of moving picture shall be allowed.* The law does not contemplate a transfer of a moving picture censor's function to a court and jury, on a petition for a writ of mandamus to compel him to issue a permit for the exhibition of a moving picture, or that they shall sit in judgment on the exercise of his power, unless it is arbitrarily or capriciously exercised, his duties being *quasi* judicial in their nature and requiring the exercise of a sound discretion.

5.  THEATERS AND SHOWS, § 4*—*when error to direct verdict for petitioner in proceedings to compel issuance by censor of permit for moving picture film.* On a petition for a writ of mandamus to compel the issuance of a permit for the exhibition of a moving picture film, where there is no evidence of an abuse of discretion

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Herman F. Schuettler, 209 Ill. App. 588.

but the only evidence adduced before the jury is a presentation of the film and the film is of such a character that different views may be reasonably entertained as to its moral effect, it is error to direct a verdict for the petitioner.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed March 12, 1918.

SAMUEL A. ETTELSON, for appellant; CHESTER E. CLEVELAND and FRANK D. AYERS, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The petition filed herein sought a mandamus to compel respondent, the General Superintendent of Police of the City of Chicago, to grant a permit to exhibit a certain moving picture called "Margaret Sanger in Birth Control."

The main averments on which issue was taken, or that need be considered, were to the effect that the picture was not "immoral," or otherwise such as makes it the duty of respondent under the city ordinance to refuse a permit, and that his refusal of the same was an abuse of the power vested in him under the ordinance.

The only evidence adduced was the presentation of the moving film on a screen in the presence of the court and jury. The film so presented was made an exhibit and has been certified to this court, and at the request of both parties it has been reproduced on a screen before us, as, we think, may properly be done.

The court directed a verdict for petitioner, saying that such inspection presented a question of law for the court and not one of fact for the jury. If from such inspection alone it can be said that there is nothing in the picture tending to support the defense that

it is "immoral," and that respondent did not abuse his power in refusing a permit, the court was right, otherwise it committed error in directing such verdict. No authorities need be cited on that proposition.

But from our inspection of the picture we cannot agree with the conclusion that it presented nothing for the jury to consider. The picture may be sufficiently described as one suggesting and encouraging the use of certain means of preventing conception. The very nature of the subject, therefore, furnished grounds for another view than that taken by the trial judge. While a picture may be so innocuous as to present no latitude for discretion in refusing a permit to exhibit it, this picture cannot reasonably be said to be one of that kind. To say the least its subject affords ample room for a different opinion as to its tendency to corrupt morals. Whatever views might be entertained as to its moral effect on other audiences, it requires no argument to show that its suggestions to one, including the young and unmarried, might lead to immoral conditions.

From the court's remarks to the jury it is apparent he misapprehended the real nature of the issues. The pleadings presented two questions of fact: (1) Whether the picture was "immoral," and, if there could reasonably be different views thereon; (2) whether there was an abuse of power in refusing a permit. Even though a jury might decide that, acting as a censor, they woud grant a permit, it would not follow, so long as there is latitude for exercise of a sound discretion, that the act of refusal would be arbitrary or capricious. The law does not contemplate a transfer of the censor's function to a court and jury, or that they shall sit in judgment on the exercise of his power unless it is arbitrarily or capriciously exercised. His duties are *quasi* judicial in their nature, requiring the exercise of a sound discretion, with which courts will not generally interfere except in a

case of abuse.   (See Spelling on Inj. & Extra Rem., vol. 2, sec. 1476, and authorities there cited; High on Extra. Legal Rem. (3rd Ed.), sec. 327; 26 Cyc. pp. 158-161.)

It was error, therefore, to direct a verdict for petitioner.   But one might properly have been directed for respondent, as there was no proof whatever that he abused his power,.  The film, which constituted the entire evidence, had no tendency in itself to present any such proof, it appearing therefrom, as we have above stated, that different views might reasonably be entertained with regard to its moral effects, thus calling for the exercise of his discretion.   Without any proof whatever, therefore, of respondent's abuse of the power vested in him—an essential element of the cause of action—a judgment for petitioner can in no event stand.   Accordingly it will be reversed.

*Reversed.*