Lemuel A. Edwards, Appellee, v. William Hale Thompson et al., Appellants.

Gen. No. 35,227.

Opinion filed October 6, 1931.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; WILLIAM V. DALY and ROY S. GASKILL, Assistant Corporation Counsel, of counsel.

JOHN A. COOKE and FRANK F. TRUNK, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The petitioner sought to procure by mandamus· an order directed to the superintendent of police commánding him to grant a permit to petitioner to exhibit publicly a motion picture entitled "Sex Madness" in the City of Chicago. By city ordinance the superintendent of police may permit pictures to be shown but must· refuse such permission if the picture is immoral or otherwise objectionable. The mandamus case was tried before the court and jury and a verdict was rendered finding the issues for the petitioner. From the judgment entered upon the verdict respondents appeal.

The issues presented by the pleadings were: (1) Whether the picture was immoral; and (2) Whether the refusal of the superintendent of police to issue a permit was arbitrary, capricious and unreasonable. The evidence presented to the jury consisted of the picture shown upon a screen and the testimony of the petitioner and of the chairman of the moving picture censor board. There is nothing in this testimony of any controlling importance. The picture has been viewed by this court upon the screen, so that both the judgment of the lower court and of this court must rest upon the impression made by the picture itself.

A mandamus proceeding is an action at law, and the parties have the right to have the issues of fact tried by a jury. *People v. Czaszewicz*, 295 Ill. 11. The writ of

mandamus is never granted when the right to the writ is doubtful. *People v. Rose,* 225 Ill. 496. Where a public officer is vested with discretion in the performance of an official action, mandamus will not ordinarily issue to compel him to act. *People ex rel. City of Chicago v. Board of Review,* 326 Ill. 124. The commissioner of police and the mayor are vested with discretion in the matter of issuing permits for moving pictures and the writ of mandamus will not issue to control such discretion, unless it is exercised corruptly or arbitrarily or capriciously. *People v. Schuettler,* 209 Ill. App. 588; *People ex rel. Gary v. Thompson,* 253 Ill. App. 621.

An abbreviated description of the instant picture is that it purports to show the evils of so-called companionate marriages. To support this thesis, it portrays scenes in a gambling house and in a free and easy night club and two attempts at rape, the second of which is an attack by a father upon his daughter. The relevancy of these episodes to the theme of the picture is not obvious.

In a case of this sort neither the judge nor the jury can set up its judgment as to the character of the picture over that of the superintendent of police and the board of censors. Even though the court or the jury might be of the opinion that, acting as a board of censors, it would issue a permit, that is not the ultimate issue to be decided by them. The ultimate issue is whether the action of the superintendent or the board of censors in refusing to issue a permit was arbitrary or capricious. We are aware that frequently in cases of this sort the trial court has sat as if it were a board of censors and determined the matter solely upon its own opinion as to whether the picture was immoral. This is a misconception of the function of the court in such a proceeding. As said in *People v. Schuettler,* 209 Ill. App. 588: "The law does not contemplate a transfer of the censor's function to a court

and jury, or that they shall sit in judgment on the exercise of his (the commissioner's) power unless it is arbitrarily or capriciously exercised. His duties are *quasi* judicial in their nature, requiring the exercise of a sound discretion, with which courts will not generally interfere except in a case of abuse.''

Doubtless in arriving at a judgment on the action of the municipal officers an opinion will be formed as to the character of the picture itself, but this opinion does not necessarily control the ultimate conclusion. The opinion on the picture is merely a factor to be considered in arriving at a judgment upon the action of the officers, namely, whether such action was arbitrary or capricious.

It is error in mandamus proceedings, like this, to submit the case to a jury without any instructions by the court defining the issues to be determined or as to the applicable law. No instructions were given in the instant case.

People differ widely upon the subject of what is immoral, varying from the overly prudish to those whom Mr. Justice Cartwright in *Block v. City of Chicago,* 239 Ill. 251, characterized as ''shameless and unclean, to whom nothing is defilement and from whose point of view no picture would be considered immoral or obscene.'' Considering the picture before us, we have no hesitation in saying that, at least, there would be such a difference of opinion as to its character that it must be held, as a matter of law, that the municipal officers in refusing a permit did not abuse the discretion lodged in them. The motion of respondents at the close of all the evidence to instruct against the petitioner properly raised the point and the motion should have been allowed.

For the reasons indicated the judgment will be reversed.

*Reversed.*

O'CONNOR, P. J., and MATCHETT, J., concur.