Walter F. Scholz, Appellee, v. The Commissioners of
Lincoln Park et al., Appellants.

Gen. No. 35,488.

McSurely, J., dissenting.

Opinion filed January 25, 1932. Rehearing denied February 8, 1932.

WILLIAM H. BECKMAN, for appellants; GEORGE E. WOODS, of counsel.

ALFRED BECK and JOSEPH M. KOTZ, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff is a lessee of certain premises situated on the west side of Sheridan road, a public highway in the City of Chicago. Defendant, the Lincoln Park Commissioners, a municipal corporation, by virtue of a statute of the State and an ordinance of the City of Chicago is vested with jurisdiction over this street. It adopted an ordinance which provides:

"No private driveways shall be laid without a special permit issued therefor by the Commissioners. All such driveways shall be built from curb to lot line and shall be of the width and thickness and of the material and upon the grade and constructed in the manner specified in the permit issued therefor."

Plaintiff applied for a permit to widen the driveway upon his premises and to construct a new one, but this application was denied by the defendant board. He thereupon filed his verified petition praying for a mandamus, to which defendants filed a plea. The cause was heard by the court without a jury, and there was a finding for plaintiff and judgment that the writ be awarded was entered. By this appeal the commissioners seek to reverse this judgment.

There is practically no dispute as to the facts. Plaintiff is in possession of the premises under a lease which will expire February 28, 1933. He is operating upon the premises an open air garage and parking station

where gasoline and oil are sold. The premises have been so used by him for the past three years. There is 90 feet frontage of the premises on Sheridan road and the traffic on that road is heavy. Both sides of Sheridan road in the vicinity of the premises in question are improved with business and commercial property and are zoned for business. Plaintiff has a license from the City of Chicago to use the property as an open air garage, and this license was granted with the consent of a majority of the owners of frontage on Sheridan road in the vicinity of these premises. In improving the premises plaintiff engaged an architect and has spent about $20,000 in addition to his rental. There is a driveway seven and a half feet wide leading from the premises in question to Sheridan road, and this driveway is at right angles with that street. In his petition plaintiff avers that the driveway is inadequate for motor traffic and difficult for motorists to turn into; that the driveway's narrowness handicaps the business of plaintiff and inconveniences the public; that the widening of the driveway to a width of 16 feet and the building of another driveway at the south side of the premises are necessary to remedy the situation.

The plea of defendants sets up the statute of the State creating the board as a municipal corporation, the ordinance of the City of Chicago granting the right of control and regulation of Sheridan road in front of these premises to defendant, and also the ordinance adopted by the board in pursuance thereof, and admits that plaintiff made application which was denied because, as the plea says, defendants "thought such denial to be for the best interests of Lincoln Park and of the public."

It is urged that the court erred in admitting evidence offered by plaintiff over the objection of defendants, but as the trial was by the court without a jury, this error, if conceded, would not require a reversal if

there is competent evidence in the record sufficient to support the finding of the court. It is also urged, on the authority of *People v. Dunne*, 219 Ill. 346, and *People v. Busse*, 238 Ill. 593, that the judgment should be reversed because the writ as prayed for in the petition is vague and indefinite. We do not think those cases, which considered certain petitions to compel the mayor of Chicago to enforce the public laws of the State, are at all applicable to a situation such as here appears.

Defendants also urge on the authority of *People v. Lindblom*, 215 Ill. 58, and *City of Chicago v. People*, 114 Ill. App. 145, that since no replication was filed by plaintiff, the allegations in defendants' plea must be taken as admitted. As already stated, we think there is no substantial conflict in the evidence as to material matters. Moreover, we think the decisions cited show that rule is not regarded as applicable where, as here, the replication is waived by submitting evidence upon the issues of fact. That point was not raised in the trial court and cannot, we think, be urged upon this record. *Chicago G. W. Ry. Co. v. People*, 79 Ill. App. 529; *Varney v. Ajax Forge Co.*, 204 Ill. App. 208.

The controlling question in the case is therefore whether defendant abused the discretion vested in it by refusing to grant a permit to plaintiff as requested by him. In determining that question we may not overlook the legal rights with which plaintiff is vested as a matter of law as the lessee of these premises. The rights of owners in these respects are clearly set forth in *Barnard v. City of Chicago*, 270 Ill. 27, and *Fleming v. Elgin, J. & E. R. Co.*, 275 Ill. 486. In the former case the Supreme Court said:

"Owners of property bordering upon a street, in addition to the public right of travel which they enjoy in common with all citizens, have certain private rights incidental to their ownership of abutting property. Among these is the right of access to and egress from

the property by way of the street, and this right cannot now be taken away or materially impaired without compensation to the extent of the damages suffered.'' Such also seem to be the rights of owners as stated in the decisions of courts of other States, the general rule being that the right of access and egress is appurtenant to the land and is private property and gives to the owner, or lessee, who may be in lawful possession under him, an easement over the adjacent street and rights therein which, if denied, will be protected by the issuance of a writ of mandamus. *In re Singer-Kaufman Realty Co.,* 196 N. Y. S. 480; *Brownlow v. O'Donoghue Bros.,* 276 Fed. 636. In other cases it has been held that a petitioner vested with such right of access and egress is entitled to a permit for the construction of driveways, subject only to reasonable regulations as to location, width, materials and other matters. *Goodfellow Tire Co. v. Commissioner of Parks and Boulevards of City of Detroit,* 163 Mich. 249, 30 L. R. A. (N. S.) 1074, 128 N. W. 410; *Anzalone v. Metropolitan District Comm.,* 257 Mass. 32, 153 N. E. 325, 47 A. L. R. 897; *City of Shawnee v. Robbins Bros. Tire Co.,* 134 Okla. 142, 66 A. L. R. 1047. Extensive notes discussing the right of owners or occupants to have convenient access to abutting streets are found in 22 A. L. R. 942; 47 A. L. R. 902; 66 A. L. R. 1052. In 13 R. C. L., p. 142, par. 125, the law is stated to be:

''Regardless of whether the fee of the street or highway is in the abutting owners or in the public, such an owner has a special easement therein for the purposes of ingress and egress, which is property as much as the abutting lot itself, and which cannot be taken away or materially impaired or interfered with even under legislative authority without compensation to him therefor.''

The necessity and convenience of this improvement so far as plaintiff is concerned is not denied by the plea nor is it contradicted by evidence submitted in

behalf of defendants. It is averred, however (and defendants offered evidence for the purpose of showing), that the proposed improvement would result in detriment to the public in that (as the director of traffic for Lincoln Park testified) it "would cause more vehicles to turn on and off Sheridan road, slowing up traffic and increasing accidents," and (as the captain of the department of police of Lincoln Park testified for defendants) "motorists using parking stations, particularly at night, disturb the residents by blowing their horns, racing their motors and opening cut-outs." The undisputed evidence shows, however, that the city has issued to plaintiff a license for his business after the consent of the owners of property in the neighborhood had been obtained. It is difficult to see just how this improvement would have any tendency either to increase or diminish the propensity of motorists as described by the captain of police. Neither are we impressed with the conclusion of the director of traffic that the improvement would increase the heavy traffic on Sheridan road. It is perfectly apparent that it would have little, if any, effect in that regard. On the other hand, the director is clearly wrong in his statement that the effect of the improvement would tend towards more accidents. The proposed improvement, on the contrary, would to some extent do away with the necessity of motorists turning at right angles on the street, which would have the effect of accelerating the movement of traffic and of decreasing the risk of accidents. This seems to have been the view of the Supreme Court of the State in *Department of Public Works and Buildings v. McCaughey,* 332 Ill. 416, where the court said:

"It is a well known fact that it is much safer for one going from a hard road to a side road or for one coming from a side road onto a hard road to do so upon a

curve rather than at right angles · . . . ." Competent evidence was also introduced by plaintiff to this effect.

We are satisfied from an examination of the whole record that the refusal of the permit indicated a zeal which was not according to knowledge and was an abuse by defendant of the powers conferred upon it by the statute of the State and the ordinance of the city.

The judgment of the trial court is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., concurs.

McSURELY, J., dissents.

MR. JUSTICE McSURELY dissenting: I suggest that the foregoing opinion is contrary to *Edwards v. Thompson,* 262 Ill. App. 520; where we said that the court should not substitute its opinion for that of the municipal officers, but should determine only whether the withholding of the permit was arbitrary and capricious.

The opinion makes no reference to the serious increase in danger to pedestrians on the sidewalk which would follow the construction of two wide driveways across the sidewalk. This feature, it seems to me, entirely negatives any quality of capriciousness or unreasonableness in the action of the Lincoln Park Commissioners in refusing the permit. I must therefore respectfully dissent from the majority opinion.