The People of the State of Illinois ex rel. John A. Schoonover, Appellee, v. Walter W. McLaughlin and Horace I. Lepman, Appellants.

Gen. No. 37,701.

Opinion filed December 24, 1934.

OTTO KERNER, Attorney General, for appellants; GEORGE C. McCARTHY and LOUIS SALINGER, Assistant Attorneys General, of counsel.

ARTHUR L. ISRAEL, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Petitioner instituted mandamus proceedings alleging that defendants failed to perform the duties of their offices; a general demurrer was filed to the petition, which was overruled; defendants elected to stand by their demurrer and judgment was entered awarding the writ in accordance with the prayer of the petition. Defendants appeal to this court.

The petitioner alleged that for the past 14 years he has been business manager of the egg inspector's union, whose business is commonly known as "egg candling"; that defendant Walter W. McLaughlin was appointed Director of Agriculture of the State of Illinois and defendant Horace I. Lepman Superintendent of Foods and Dairies of the State of Illinois; that they are governed by the Civil Administrative Code of Illinois and must enforce the provisions of the Illinois Egg Law, Cahill's St. ch. 56b, ¶ 68 et seq., and Cold Storage Act, Cahill's St. ch. 56b, ¶ 119 et seq., and prosecute violations of said act.

The petition alleges that there has been collected by inspectors in the Department of Agriculture during 1933, evidence of over 400 violations of the Illinois Egg Law, and the names and addresses of numerous alleged violators are set forth in detail; it charges on information and belief that there are many other violations of the Egg Law which have been found by the Department of Agriculture; that petitioner asked defendant Lepman to prosecute these violations in court and that Lepman stated that he would cause to be prosecuted those violations he desired so to do and no others.

The petition charges on information and belief that of over 100 violations reported less than 15 have been presented to the court for action, and that most of those so presented have not been tried in open court but a cash settlement was made at a private hearing in the office of Lepman whereby $10 or $13 was received by him and thereafter a suit was filed and a recommendation made to the court that a fine of $7 or $10 and costs be assessed; the petition sets forth a number of cases in the municipal court with the names of the parties and the amount of the fines.

The petition further alleges failure to obtain service on parties in three different suits; that eggs were being sold in Chicago without being candled; that petitioner is informed and believes that only a superficial investigation was made (although specific complaints of violations were made by petitioner) and nothing was done to correct these violations; that many persons engaged in the business of selling eggs in Chicago are receiving them from producers and dealers outside Chicago and the State of Illinois and are not candling the same but distributing them in Chicago and are removing the candling certificates which are in the cases of eggs so received and placing fictitious candling certificates in lieu thereof; that petitioner has complained many times to defendants about this but they have refused to enforce the law covering such violations.

The petition further alleges that there were very large holdings of eggs in cold storage during the past year; that such eggs are marketed in Chicago and that petitioner has not found any retail place in Chicago which sells cold storage eggs marked as prescribed by law. Petitioner alleges that a special assistant attorney general has been assigned to the defendants to prepare and try cases arising from violations of law and that he is furnished with adequate help to prosecute such violations; petitioner charges on infor-

mation and belief that most of the inspectors employed do not actually work one-half the time required by statute.

The petition further alleges that to defendant Lepman has been delegated by McLaughlin the duties of managing and supervising the employees, whose duties are to inspect establishments where food is stored, sold or offered for sale and report thereon, collecting samples of food, and that Lepman has been charged with the duty of prosecuting all violations, but that the defendants refuse to cause said violations of the Illinois Egg Law to be prosecuted and to cause inspection, investigation and prosecution of other violations of the Egg and Cold Storage Laws, and that by reason thereof many men in Chicago are out of gainful occupation as egg candlers, and egg consumers are being defrauded and cheated.

The prayer of the petition is to compel defendants "to do any and all acts required and necessary under the Civil Administrative Code of Illinois, the Illinois Egg Law and the Cold Storage Act that the violations found by and in the possession of the Department of Agriculture be and are caused to be prosecuted, that the inspectors and employees of the Department be made to work, investigate and report violations of the aforesaid laws."

The writ of mandamus is never granted when the right of the petitioner is doubtful. It issues only where there is a clear legal right to be enforced or a duty which ought to be performed by the respondent. Courts may exercise a discretionary power in granting or refusing the writ. *People v. Rose,* 225 Ill. 496, and many other cases.

Courts will not undertake to control and regulate a general course of official conduct or enforce the performance of official duties generally. In *People v. Dunne,* 219 Ill. 346, mandamus was sought to compel

the mayor of Chicago to enforce observance of the liquor laws. The court denied the writ, saying that "where the court is asked to require the defendant to adopt a course of official action, although it is a course required by the statute and imposed upon him by the law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in very numerous instances whether he had persistently, and to the extent of his power and the force in his hands, carried out the mandate of the court and performed his official duty"; that issuing the writ required the court to pass judgment on the numerous instances of the violation of the law and to what extent the respondent had endeavored to perform his duty with the facilities at his command; that the writ of mandamus would not lie for any such purpose, and, that for the court to assume the duty of the respondent "would be to depart from its proper sphere and assume governmental functions, which are outside of the jurisdiction of the courts and not within the remedy of mandamus."

In the suit last mentioned it was sought to compel the mayor to enforce the laws governing 7,000 saloons in Chicago. In *People v. Busse,* 238 Ill. 593, it was sought to escape the large order involved in the *Dunne* case and mandamus was sought to compel the mayor of Chicago to enforce the Sunday closing law against one certain saloonkeeper. The court denied the writ, saying that even with reference to one, the courts would be required to exercise precisely the supervision over the mayor that was held in the *Dunne* case the courts would not be required to exercise. The opinion said: "Counsel for appellant confuse the functions of the executive and judicial departments of government. If their contention was to prevail, the mandate of the court would be substituted for the statute which denounces misfeasance and malfeasance in office."

The reasons stated in the opinions in these cases referred to are applicable to the instant case. The petition alleges over 400 violations of the State law. For the court to supervise and control the conduct of defendants with reference to these cases would be wholly impracticable. It would require an investigation and determination of the merits of each complaint and the expediency of prosecution.

Especially will the courts refuse to control official acts where the legislature, in the statute under which they act, clothes the officials with a degree of discretion. Chap. 56b, par. 72, Illinois Statutes (Cahill) which is the statute relating to the handling and sale of eggs, provides that the Department of Agriculture shall enforce the provisions of this act, "and shall make suitable rules and regulations for the same and tolerances on account of weather, labor and transportation conditions for carrying out its provisions, and shall determine the conditions under which eggs previously candled shall be recandled for resale or sale, in order to safeguard the purchaser against buying . . . eggs unfit for human food." This language indicates that the Department is given a wide discretion in determining whether one violating the act should be punished or given an opportunity to rectify mistakes.

Counsel for the petitioner cites High on Extraordinary Legal Remedies (3rd Ed.), sec. 33a, to the effect that mandamus will lie to compel a public officer to perform a duty imposed upon him. But the same author, in sec. 34, notes that it is important to observe the distinction between those duties which are merely ministerial in their nature and those which involve the exercise of some degree of official discretion and judgment upon the part of the officers charged with their performance; that as regards this latter class the writ will not control or interfere with his action nor direct him to act in any specific manner.

Petitioner cites a large number of cases in which the writ has been awarded, but these cases nearly all relate to some ministerial duty of the respondent. For instance, *People v. Watson,* 276 Ill. App. 303, where the petitioner sought to have his pension paid. This payment was purely ministerial and could be ordered by writ of mandamus. The writ has been issued in certain other cases compelling officers to do some specific thing, like *People v. Keating,* 62 N. Y. App. Div. 348, 71 N. Y. S. 97, where a demand was made that the commissioner of highways remedy a certain illegal nuisance, which he refused to do. The writ has been awarded in other cases to compel action with reference to a certain definite thing, like closing a particular gambling house.

We do not see how the writ awarded in this case could be upheld, for the reason that the attorney general of the State of Illinois is alone empowered with the duty to prosecute for the State. The writ awarded in this case ordered the defendants, respectively, to "cause to be prepared for filing in courts of competent jurisdiction, all the violations of the Act" (relating to the sale of eggs and the act relating to cold storage) "in the possession of the Department of Agriculture . . . of any defandant named therein for violation or violations of the same Act or Acts, making parties defendant in the alternative, both the wholesaler and retailer in these violations involving both, to cause such cases to be filed, summoning the defendants named therein, causing alias and pluries summons to be issued, if necessary to secure service on said defendants, and to proceed to try such cases." Neither of the defendants could be charged with the duty of prosecuting for the violation of the statute. Moreover, the prosecution of these cases must meet with the approval of the attorney general, without which no prosecution could be commenced. In *People v. Whealan,* 356 Ill. 328, the court said: "Mandamus

will not lie when an official act sought to be coerced depends upon the act or approval of a third person. (*MacGregor v. Miller,* 324 Ill. 113.)''

We are in accord with the statement by counsel for defendants, that the petition before us is an attempt to transfer the functions of the Director of Agriculture and of the Superintendent of Foods and Dairies to the courts, and that for the court to assume the management of the affairs of these departments would be to assume functions which are outside the jurisdiction of this court.

For the reasons indicated, we hold that the demurrer should have been sustained and that the writ was improvidently issued. The judgment will therefore be reversed and the cause remanded with directions to sustain the demurrer and dismiss the petition as amended.

*Reversed and remanded with directions.*

O'Connor, P. J., and Matchett, J., concur.