People of State of Illinois on Relation of Margaret P. Jansen et al., Petitioners-Appellants, v. City of Park Ridge, a Municipal Corporation, Fred Haack, Jr., and Willis F. Jones, Individually and as Mayor and Chief of Police, Respectively, of City of Park Ridge, Respondents-Appellees.

Gen. No. 46,658.

First District, Third Division.

October 13, 1955.

Released for publication November 10, 1955.

Russell J. Topper, of Chicago, for appellants.

Herbert R. Stoffels, of Chicago, for appellees.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Petitioners, residents and taxpayers of the City of Park Ridge, filed a petition praying that a writ of mandamus issue to compel the respondent city, its mayor and chief of police to enforce ordinances which

forbid vehicular parking in certain areas of the city. Upon respondents' motion the petition was dismissed. Petitioners appeal.

The petition alleges that there was in effect in the city since 1934 an ordinance prohibiting vehicular parking in certain parkway areas of the city; that for a substantial period prior to the institution of this action there have been open and continuous violations of the parking ordinance and that the mayor and chief of police failed to enforce the parking ordinance after service upon them of written notice; that open and continuous violations are committed in two areas of Park Ridge described in a written notice attached to the petition.

In their motion to dismiss the respondents averred in substance that the duty on the part of the respondents as set forth in the petition is not specific in its nature and is not of such a character that the court can prescribe a definite act or series of acts which will constitute a performance of that duty; that the petitioners improperly seek to have the court control and regulate a general course of official conduct and enforce the performance of official duties generally with reference to violations of the law which would occur in the future, and that the petitioners seek to require the court to exercise supervision over municipal officials.

Petitioners' contentions are that the enforcement acts in their nature and judicial definition are simple and require only that the chief of police ban parking in the specific parkway areas and even if complex the judicial difficulty must bow to the superior demands of public safety.

In People v. Dunne, 219 Ill. 346, the relators moved for leave to file a petition for mandamus seeking to compel the mayor of the City of Chicago to enforce a statute prohibiting the keeping open of dramshops on Sunday. In denying leave to file the petition the court said at page 348:

"It will not lie where the court would have to control and regulate a general course of official conduct and enforce the performance of official duties generally. In such a case the court could not prescribe the particular act to be performed and enforce its performance. It is plain that in this case, where the court is asked to require the defendant to adopt a course of official action, although it is a course required by the statute and imposed upon him by the law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in very numerous instances whether he had persistently, and to the extent of his power and the force in his hands, carried out the mandate of the court and performed his official duty."

In People v. Busse, 238 Ill. 593, a petition for writ of mandamus was filed praying that the mayor of the City of Chicago be compelled to use the authority conferred upon him by the laws of the State or the ordinances of the City to enforce against one Kenna, who operated two saloons, the statute prohibiting the operation of saloons on Sunday. The court held that every objection to commanding the mayor to enforce the Sunday closing law with reference to seven thousand saloons as in People v. Dunne applies in a lesser degree to commanding him to enforce it with reference to one owner and two saloons.

█ Mandamus will not lie where to issue the writ would put into the hands of the court the control and regulation of the general course of official conduct or enforcement or enforce the performance of official duties generally. (Retail Liquor Dealers' Protective Ass'n of Illinois v. Schreiber, 382 Ill. 454.) To the same effect see Board of Education of School Dist. 85½ v. Idle Motors, Inc., 339 Ill. App. 359.

█ In the present case as in People v. Busse, 238 Ill. 593, it is not sought to have the mayor and chief of police commanded to do a specific thing in reference to a violation of law which has already taken place, but

the purpose is to compel them to enforce parking ordinances of the City so far as future violations of that ordinance are concerned.

The governing rule announced in the cases last cited has been fully sustained in other jurisdictions [see 64 A. L. R. 975] and in our view is decisive of the issues presented in this case. We have considered the other points urged and the authorities cited in support thereof but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons given, the order dismissing the petition is affirmed.

Order appealed from affirmed.

FEINBERG and KILEY, JJ., concur.